Nash, J.
 

 The plaintiff in his bill charges, that a copartnership existed between himself and the defendant, and that, having closed their business, they agreed to select two individuals to settle and adjust their accounts, agreeing to abide by their award ; that, accordingly, a Mr. Sharpe and a Mr. Cowan were selected as the arbitrators, to whom all matters in dispute were submitted ; that the arbitrators proceeded to the discharge of their duties, and in due time made up their award, to which he objected, and it was by him and the defendant referred back to the same individuals, who again examined the accounts, and made another award, based upon the first. And upon' the return of this last judgment of the arbitrators, he gave to the defendant his bond to perform the
 
 *403
 
 award; that, upon this bond, suit had been brought against him, and a judgment obtained by the defendant; and he prayed, among other things, for an injunction to stay him from collecting the money. The ground, upon which he asked for the injunction, was, that in their award, the arbitrators had made a mistake, in this, among other items ; that they had charged him with the sum of$1,553 59, whereas, they ought to have charged him only with the sum of $109 04, and that, upon a fair settlement of the accounts, the defendant would be largely indebted to him. The bill further states, that the first award of the arbitrators was made on the 22d day of December, 1841, and contained this error, which was transferred, by the arbitrators, into the second award, which was made and-returned on the 17th March, 1842, and that he executed the bond, on which judgment was obtained, in ignorance of the error existing in it. An injunction was granted agreeably to the prayer of tfie bill.
 

 The answer denies that the arbitrators made any mistake in stating the accounts, or that there was any error in ,tfie award made by them ; and avers, that the item of $1,553 59, to which the complainant now excepts, was a just and proper charge against him, and that he did not owe the complainant any thing. It further states, that when the second award was made and handed to the parties, it was deliberately read over to the plaintiff, who made no objections, and, with a full knowledge of its contents, executed the bond, upon which judgment was obtained. I have stated only such portions of the bill and answer, as have a material bearing upon the question before this court. Before the coming in of the answer in the court below, the injunction was, upon the motion of the defendant, dissolved, and from that interlocutory order, an appeal was taken to this court, and our only enquiry is, whether there is error in that order. We think there is none. The plaintiff’s equity is fully met by the defendant’s answer, in each particular. He swears, there is in the award of the arbitrators no error, but that its statements and conclusions are just and true. It is a rule in equity, on the subject of injunc
 
 *404
 
 that) where by the answer the plaintiff’s whole equity is denied, and the statement in the answer is credible, and exhibits no attempt to evade the material charges of the bill, the injunction will be dissolved.
 
 Moore
 
 v.
 
 Hylton and others,
 
 1 Dev. Eq. 429. We see no attempt in the answer to pass by the allegations of the bill; it is full, and, so far from being incredible, it is fully sustained by the two awards, copies of which are appended to the plaintiff’s bill. We have looked into the awards, and find that the investigations, made by the arbitrators, was a most minute and labored one. The accounts appear to have been gone fully into, and, after having their attention drawn to these alleged errors in the first award, upon a reconsideration of their report, they reaffirm them. There is not the slightest insinuation in the bill against the integrity of the arbitrators. Again, one of the grounds upon which the prayer for the injunction rests, is the allegation of the plaintiff, that he did not, at the time he executed the bond, know of the existence of the errors in the award of the arbitrators. This is, under the circumstances charged in the bill, an extraordinary allegation. The plaintiff states, and the awards show the fact to be so, that the material errors alleged to be in the last, were contained in the first award, and that he was dissatisfied with the first, because of its errors, and that the arbitrators took the first award as the basis of the second. But, beside this, the defendant swears in his answer, that, before the plaintiff executed the bond, the award last made was deliberately read over to him. This award was made on the 17th of March, 1842, when the bond was executed. Judgment is obtained on the bond in August, 1843, and the bill is filed the 12th December, 1843. The case shows, that the plaintiff had availed himself of the award, so far as to collect the debts assigned him by it, or a portion of them.
 

 The case is not before us for hearing, but only on the motion to dissolve the injunction.
 

 If the plaintiff was ignorant, that the last award contained the same error that the first did, which the statements of the bill and answer do not permit us to believe, it was his own
 
 *405
 
 fault; if he had given himself the trouble to examine it, he would have found it so. The use of reasonable diligence would have protected him. And equity is no more bound to 'take care of those who can take care of themselves and will not, than is a court of law. 1st Story's Equity, p. 159, s. 146. 1 Fonblan. Eq. B. 1, ch. 3, s. 3.
 
 Penny
 
 v.
 
 Martin,
 
 4 John. Ch. R. 566.
 

 It is the opinion of the court, there is no-error in the interlocutory decree appealed from. ' There must be a decree for the costs of this court against the plaintiff.
 

 Per Curiam, Certificate ordered accordingly.-