This was an injunction bill filed in May, 1848. The plaintiffs Malcolm Monroe and David B. Melvin, executor of Robert Melvin, allege in their bill that one Wiley M. Fort was a constable in the county of Bladen in 1839; that the said Malcolm and Robert were sureties to his official bond; that the defendant William McIntyre placed sundry papers in the hands of said Wiley M. Fort, as constable, for collection, among which was a note under seal made by one William Reeves and Thomas Fort, payable to the said William McIntyre, for the sum of $71.64, one day after date, and dated 14 January, 1840; that the said note was put into hands of the said Wily Fort on the same day it bears date; that, without taking any steps to collect the said note, the said Wiley, early in the month of February, 1840, absconded, leaving the said note, which was taken possession of by the said Malcolm and Robert; and the bill further alleges that the said Malcolm and Robert, (66) feeling it their duty to do so, instituted a suit against the said William Reeves and Thomas Fort for the recovery of the said debt, in the name of the said William McIntyre, and obtained a judgment, from which judgment an appeal was taken to the county court of Bladen; that while the suit was pending in this court the said William McIntyre, through his attorney, Thomas L. Hybart, Esquire, who was duly authorized to act as such by the said McIntyre, applied to the said Malcolm and Robert for payment of his said claim on Reeves and Fort, and it was agreed between the said Hybart, as attorney for the said McIntyre, and the said Malcolm and Robert, that the latter would pay the said McIntyre the amount of his claim upon his transferring to them his interest in it, but as there was a suit pending on it, no legal transfer could be made without affecting the plaintiff's right to recover therein; that it was therefore agreed that McIntyre should execute to the said Malcolm and Robert a power of attorney to carry on the said suit in the name of the said McIntyre, for the use and benefit of the said Malcolm and Robert; that the said Malcolm and Robert accordingly gave to the said Thomas L. Hybart, as attorney, their promissory note payable to the said McIntyre for the amount of the said claim; that the said Hybart in return brought and delivered to the said Malcolm and Robert a power of attorney signed and sealed by the said McIntyre and witnessed by the said Hybart, authorizing the said Malcolm and Robert to prosecute the said suit in the name of the said McIntyre, but for the use and benefit of the said Malcolm and Robert, and that the said Malcolm and the executors of the said Robert, after his death, executed and delivered to the said attorney of McIntyre their bond, conditioned to indemnify him against all liability for the costs of the said suit. The bill further charges that the said suit was pending for many terms in the county court of Bladen, where it was decided in favor of the plaintiff; *Page 59 
that the defendant appealed to the Superior Court, and the cause (67) was removed on affidavit to the Superior Court of Sampson County; that at the Spring Term, 1848, of the said court the plaintiffs being fully ready for trial, the said McIntyre refused to let the trial proceed, and intimated his purpose to dismiss the suit. And the plaintiffs allege that they fear the said McIntyre will carry this threat into execution, unless prevented by the interposition of this Court. It is further stated in the bill that Robert Melvin is dead, and the plaintiff David B. Melvin is his sole surviving executor. The bill then prays for an injunction and for general relief.
The injunction was granted.
At Fall Term, 1848, of Sampson Court of Equity the defendant McIntyre filed his answer. The answer admits that the defendant placed in the hands of Wiley M. Fort, constable, the note described in the plaintiff's bill, that the said note has been paid to him, and that he has not now, nor has he had since 1841, any claim against Reeves or Fort. It avers that the defendant never instituted any suit, nor authorized one to be instituted, in Bladen or elsewhere, against the said Reeves and Fort. It says that the defendant's regular attorney and legal adviser was Thomas L. Hybart, who had the management of his claims. The defendant then states in his answer that if he ever executed the particular power of attorney set out in the bill as of date of 7 April, 1841, which he by no means admits, but puts the plaintiff to strict proof thereof, then the defendant declares that it was not read to him nor read over by him, and must have been signed upon the application of Mr. Hybart, with the impression on the mind of the defendant that it was some paper connected with his business necessary to be signed, and in total ignorance of its contents; and the defendant avers that it was not delivered when signed, nor for four months thereafter, for the defendant (68) has in his possession an application in writing under date of 7 August, 1841, from Robert Melvin, requesting the defendant to execute a power of attorney to the said Melvin and the complainant Malcolm, to enable them to sue on the note of William Reeves and Thomas Fort, which had been paid and satisfied. The answer further states that in 1841 the defendant was surprised to learn that a suit was pending in Bladen County Court, and another in Bladen Court of Equity against William Reeves and Thomas Fort, at the instance of the defendant; that the defendant had no knowledge of the institution of these suits until informed, as is admitted in the plaintiffs' bill, that Robert Melvin and Malcolm Monroe had taken upon themselves to use his name, without his consent, and therefore directed his said attorney to dismiss the suit forthwith. The answer further alleges that the debt of Reeves had been paid to the defendant by the said Hybart, but how collected and of whom *Page 60 
the defendant is totally ignorant, and the defendant has now no claim against Reeves; that when the payment was made, not a word was said of any purchase of the note or assignment thereon, but the payment was made as a payment and discharge of the debt. The defendant then denies that he ever authorized Hybart to make any contract or agreement whatever with Robert Melvin or Malcolm Monroe touching the use of his name in any suit against Reeves and Fort, or either of them. The defendant then states that he was amazed to find that the suit which he ordered Mr. Hybart to dismiss was still pending, having been taken to the county of Sampson from the county of Bladen, and he admits he authorized Mr. Dobbin, an attorney at law, to dismiss it, and he still insists upon his right to do so. He avers that the bond of indemnity of which the plaintiffs speak was never delivered to the defendant; that Mr. Hybart was not authorized to take such bond and never (69) communicated the fact to the defendant, and that, although the plaintiffs allege its execution in 1846, the defendant never heard of it nor saw it, after the filing of this bill, it was found among Mr. Hybart's papers.
The defendant says he is advised that if the paper under the date of 7 April, 1841, is genuine and binding upon him, still, as it was coupled with no interest in Melvin and Monroe, and they were under no liability whatever for Reeves and Fort, nor at all interested in the note, it was a mere naked power, appointing them the attorneys and agents of the defendant to conduct a suit, and, as such, it was revocable, and, in point of fact, was revoked by the order to dismiss in July, 1841, of which Melvin and Monroe had notice
Upon the coming in of the answer, the defendant moved for a dissolution of the injunction, which motion was refused and the injunction continued to the hearing. From this interlocutory order the defendant, by leave, appealed to the Supreme Court.
It is a well established rule in equity that where an answer to a bill praying for an injunction fully denies the plaintiff's equity, the injunction must be dissolved. To have this effect, however, the whole, equity must be denied. The statements of the answer must be credible and exhibit no attempt to evade the material charges of the bill. Sharpe v.King, 38 N.C. 402. If upon the hearing of the answer the statements are such as to leave in the mind of the court a reasonable doubt whether the plaintiff's equity is sufficiently answered, the injunction will not be dissolved, but continued to the hearing. James v. Lemley, 37 N.C. 278;Miller v. Washburn, 38 N.C. 161. *Page 61 
It is impossible in this case to say that if all the facts set forth (70) in the defendant's answer be true, the whole equity of the plaintiffs is denied, or that we have no doubt on the subject. The answer is so drawn — whether from haste or some other cause, we cannot tell — that it cannot have the effect desired by the defendant. It is unsatisfactory, and is, apparently, evasive — in no one instance meeting the averments of the bill with a direct response, and in some material matters giving no reply whatever. Thus, the plaintiffs state that Monroe and R. Melvin were the sureties of the constable, Wiley M. Fort, on his official bond — the answer neither admits nor denies it; that Fort ran away, and that they were held liable by him, the defendant, for an amount of the Reeves and Fort note — it makes no reply. In several other particulars it is defective in fullness and frankness, and is, therefore, unsatisfactory. For these reasons, alone, the injunction ought not to be dissolved. But enough does not appear on the answer to entitle the plaintiffs to that aid from the court which they seek. The equity of the plaintiffs is that, as sureties of the constable, Fort, on his official bond, they paid to the defendant, at his request, the amount of the Reeves and Fort note; and that under an agreement made by them with Mr. Hybart, the defendant's attorney, that he would procure from the defendant a power of attorney authorizing them so to do, they had instituted a suit in the name of the defendant against Reeves and Fort to reimburse themselves, which suit the defendant threatens to dismiss. The answer admits that Mr. Hybart was the defendant's attorney to collect the money due on the note; that it was collected and paid over by Mr. Hybart to him; and that he has not, since its payment, had any claim upon the note upon Reeves and Fort; and it substantially admits that the defendant did execute a power of attorney to the plaintiffs Monroe and Robert Melvin. This power of attorney is filed in the cause as (71) an exhibit, and is witnessed by the defendant's attorney, Mr. Hybart, and fully authorized the use of his name by the sureties of the constable in the suit they had brought. The defendant then has no claim upon Reeves and Fort upon their note, and it is a matter of no importance that Mr. Hybart neglected to tell him from whom he received the money; against the costs of the suit he is indemnified, for the delivery of the bond of indemnity to Mr. Hybart was a delivery to him. The defendant further admits that he had directed Mr. Dobbin to dismiss the suit at law. This he had a clear legal right to do, being the plaintiff of record. It is a power, however, the exercise of which a court of equity will not permit, under the circumstances of this case. It will not suffer the defendant to interpose his mere legal right to prevent the plaintiffs from their endeavor to ascertain their rights. 2 Sto. Eq., sec. 903.
The equitable right of the plaintiffs to the aid they ask is not shaken *Page 62 
by the statement of the answer, but is rather strengthened and confirmed by the manner in which the averments of the bill are answered. The attempt of the defendant to dismiss the suit at law is capricious, unjust, and iniquitous.
We see no error in the interlocutory order appealed from.