B. B. LENOIR et al. v. THE VALLEY RIVER MINING COMPANY.

*Ejectment — Tenants in Common — Color of Title — Possession for Seven Years — Sale — Seisin — Action for an Undivided Interest.*

1. In an action to recover land the plaintiff claimed as owner in fee. The defendant claimed as tenant in common with plaintiff of an undivided third. Plaintiff's evidence, sufficient to show ownership in fee in an undivided part of the land, tended also to show color of title and continuous possession of the whole land. Defendant also offered evidence tending to show color of title in an undivided third, and possession for more than seven years. This the Court refused to receive, and instructed the jury that defendant had failed to offer any evidence of co-tenancy: *Held* to be error.

2. The burden was upon the plaintiffs to show *sole title* in themselves, as alleged, and failing in this, the defendant had a right to remain in possession as tenant in common with them of the undivided one-third.

3. The *defendant* was not bound to show title as alleged—tenancy in common.

4. The action being adverse, and evidence introduced to show color of title in plaintiff, defendant was entitled to reply, and the exclusion of his evidence, which might have influenced the jury to decide for him, entitles him to a new trial.

This was a CIVIL ACTION, tried at Fall Term, 1888, of CHEROKEE Superior Court, before *Boykin, J.*

The plaintiffs allege in their complaint that they are the owners in fee of the land specified therein; that the defendant is in possession thereof, and unlawfully withholds the same from them, &c. The defendant admits that the plaintiffs are part owners in fee of the land, but it alleges that it is the owner in fee of an undivided one-third part thereof, and is tenant in common with the plaintiffs; that it is lawfully in possession, and is willing that the plaintiffs shall be so in possession of the land with it.

On the trial, the plaintiffs showed title, conceded to be sufficient, as owners in fee of an undivided part of the land. They did not sue for the other like part owners thereof, nor did they produce evidence to show title for any part thereof in any person other than themselves. They produced evidence tending to show color of title and continuous possession of the whole land for more than seven years.

The defendant failed to show a regular chain of title to an undivided part of the land, but it put in evidence a deed of conveyance to it sufficient as color of title, dated 26th of February, 1867, from W. N. Bilbo, purporting to convey the fee in an undivided third part thereof, and it further produced evidence tending to prove that it had had continuous possession thereof, claiming under this deed from and

after its date, until the time of the trial, and more than seven years.

It is assigned as error, that the Court declined to consider, and excluded from the consideration of the jury, the defendant's claim as such part owner of the land, and instructed the jury "that the defendant had failed to offer any evidence of co-tenancy."

There was a verdict and judgment for the plaintiffs, and defendant having excepted, appealed.

*Messrs. T. F. Davidson* and *G. A. Shuford,* for plaintiffs.

*Messrs. Ed. McCrady* (by brief) and *J. W. Cooper,* for defendant.

MERRIMON, C. J.: It was admitted by the defendant that the plaintiffs were part owners of the land. But this admission did not entitle them to be let into possession of the whole thereof as sole owners, or for themselves and others who might claim to be part owners as against the defendant. As to the undivided one-third part claimed by it, the burden was on the plaintiffs to show title thereto in themselves, and failing in this, the defendant having possession, had the right to remain so, as tenant in common with the plaintiff as part owners only.

The plaintiffs alleged that they were sole owners of the land. When on the trial, they produced evidence of color of title and possession as to the undivided one-third part thereof claimed by the defendant that might imperil its right, it very certainly had the right to show title in itself as to the part claimed by it in any proper way it could. It might, as to the part claimed by it, show color of title, claim and possession under it within settled and visible bounds for more than seven years, and thus show title perfected in it. It must be observed that such controversy is not between the plaintiffs and defendant as to the part of the land in

question as tenants in common. As to it, the parties plaintiff and defendant claim adversely to each other—not as tenants in common—and the purpose of the action is to settle and determine whether the plaintiffs are sole owners, as they claim to be. If it shall turn out that the defendant is sole owner, as claimed by it, then it will be tenant in common with the plaintiffs according to the respective rights of all the parties, and the rules of law applicable to such tenants will prevail.

Tenants in common have unity of possession, but they do not necessarily have unity in any other respect. Their respective estates, the quantity of them, the time when they begin and terminate, the character of their titles and the methods and means of proving them, may be very diverse. Each has his undivided part of and interest in the land. Hence, the recovery of one such tenant is not generally a recovery of all of them, nor does such recovery entitle him to take possession for all. Indeed, one such tenant may recover from another; one may be barred of his entry by the statute of limitations, and another not; the statute may run as to one, and not as to another. When one recovers, he is not entitled to be put into possession as if he were sole owner; he takes possession as to and to the extent and measure of his right of the whole, not knowing which particular part is his. Indeed, no particular part belongs to him exclusively.

A tenant in common may not be in the actual possession of the land with his co-tenants, or at all. A stranger may go into possession of the land and remain so, claiming the undivided part of such tenant not in possession under color of title to it, and continue such claim and possession until he shall perfect a title to the same. There is nothing in the nature of such tenancy and ownership of real property that prevents title from arising and becoming perfect by color of title, claim and continuous possession under the same for

seven years, as in cases of sole tenancy, except as to the co-tenants themselves. *Holdfast* v. *Shepard*, 9 Ired., 222; *Allen* v. *Salinger*, 103 N. C., 18; *Overcash* v. *Kitchie*, 89 N. C., 391, and cases there cited

Hence, it was competent for the plaintiffs to prove such title as the last mentioned as to the undivided one-third part of the land claimed by the defendant. And for the like reasons, the defendant, a third party, had the right to show such title to that part as against the plaintiffs or other part owner of the land.

On the trial, the defendant showed sufficient color of title and produced and tendered evidence tending to prove its claim and the continuous possession of the land as to one undivided third part thereof for seven years and more. It may be that, if the Court had submitted such evidence with appropriate instructions to the jury, they would have rendered a verdict in favor of the defendant. It was clearly entitled to have the evidence produced and pertinent evidence offered, but rejected, submitted to the jury with proper instruction from the Court as to its purpose and application. But the Court ignored the defendant's claim of title, and told the jury that it "had failed to offer any evidence of co-tenancy," plainly implying that it had produced no evidence to prove title as claimed by it.

There is error. The defendant is entitled to a new trial, and we so adjudge.

Error.