R. B. LENOIR et al. v. VALLEY RIVER MINING COMPANY et al.[*]

*Ejectment— Tenants in Common— Written Agreement—Registration—Adverse Possession.*

1. An instrument which is neither a conveyance of land, nor a contract to convey, nor lease of land, but only an agreement for a division of the proceeds of sales thereafter to be made of land and authority to one to take entire control and management of sales of land for the parties, is not required to be registered by the Act of 1885, (chap. 147), and an objection to its admissibility as evidence on the ground that it was registered after the time prescribed by the said Act of 1885 is untenable.

2. A party in possession of land as tenant in common with another cannot acquire title as to the interest of the other tenant in common by seven years adverse possession with color of title, since it requires twenty years of such possession to amount to an ouster of the co-tenant. And it makes no difference whether the defendant in an action to recover possession of land is a rightful co-tenant or not, for the plaintiff must show title against the world.

3. A tenant in common is not estopped by declarations of a co-tenant against his interest without evidence of any authority of the co-tenant to bind him.

4. Where plaintiffs, in an action to recover land, failed to establish title to the whole tract, but only showed that they were the owners of two-thirds, and did not show who was the owner of the one-third claimed by the defendant, so as to entitle them to a judgment in behalf of their co-tenant if he should be some one other than defendant, the plaintiffs were entitled only to judgment for a two-thirds undivided interest in the land.

This was an action for the recovery of land, tried before *Hoke, J.,* and a jury, at Spring Term, 1892, of CHEROKEE Superior Court.

Plaintiff appealed. The case is sufficiently stated in the opinion.

*Messrs. W. W. Jones* and *T. F. Davidson,* for plaintiffs (appellants).

*Messrs. Edward McCrady* and *J. W. Cooper,* for defendants.

MACRAE, J.: This case was here on appeal, and was held over for re-argument at September Term, 1889 (104 N. C., 490). And at February Term, 1890, a new trial was granted, on the ground that his Honor had improperly excluded evidence offered by defendant tending to show color of title to an undivided one-third of the land in controversy, and possession thereunder for seven years. It comes up now upon the plaintiffs' appeal from a judgment that the plaintiffs are owners of only an undivided two-thirds of said land, and that they be let into possession of the same with the defendant, and that plaintiffs pay the costs.

On account, we presume, of delay in making up the case on appeal and the loss of the Judge's notes, we regret to say that the interesting questions discussed on the argument are not very clearly presented in the case. According to the pleadings, the plaintiffs, about forty in number, aver that they are the owners and entitled to the possession of the land described in the complaint, and that defendant Jordan is in the wrongful possession thereof, and withholds the same from plaintiffs.

The defendant, the mining company, in answer, admits that defendant Jordan is in possession of said land as tenant of said mining company, but avers that his possession is not adverse to the plaintiffs.

It avers that plaintiffs are the owners of an undivided share or part of said land, and that it, the said mining company, is the owner of an undivided one-third of the same, and that it was in possession as owner of said undivided interest for years before the plaintiffs acquired title to the other part thereof, and that for seventeen years there has been a joint possession of said land by plaintiffs and defendant, as tenants in common, and that defendant's possession has been in no way exclusive of plaintiffs'. It alleges further, in substance, that the plaintiffs, who had always admitted and recognized defendant's title to the undivided one-third of said land, have purchased a pretended title to the whole tract, and have taken a deed for the same to plaintiffs. The defendant demands judgment that it is entitled to sixteen-forty-eighths or one undivided third part of the premises described in the complaint, and to the joint possession of the same as co-tenant with plaintiffs, and to the benefit of any deed or deeds, quitclaims, release or releases of any outstanding claims against said property, which may have been made to the plaintiffs or to any one or more of them since their co-tenancy with this defendant.

The issues submitted by his Honor were—

"1. Are the plaintiffs the owners of the land sued for?"

"2. Are the defendants in the wrongful possession of such land?"

The plaintiffs offered in evidence—

"1. A grant from the State to S. W. Hyatt for the land in controversy, dated May 20, 1853."

"2. A deed from R. H. Hyatt, the only heir at law, and Nancy A. Hyatt, the widow of S. W. Hyatt, to B. Y. McAden, March 15, 1873, by which they ' bargained, sold, transferred and quit claimed unto the said Bartlett Y. McAden all their interest, right, claim and demand of and into ' the land described in the complaint."

" 3. A deed of the same character from B. Y. McAden to J. T. Lenoir, William Lenoir, Dr. B. B. Lenoir and Israel P. Lenoir, 14th April, 1873."

" And the plaintiffs then introduced evidence to show that they had been in the actual occupation of the land in controversy, claiming the same adversely against the world since the 14th day of April, 1873."

The defendant offered in evidence two deeds, by which it was made to appear that long prior to the execution of the deed from the widow and heir of S. W. Hyatt, the said S. W. Hyatt had conveyed to one A. J. Patton an undivided one-third of said land, on June 6, 1855, and that in September, 1856, the Coroner of Cherokee County had sold and conveyed under execution against said S. W. Hyatt, who was himself Sheriff of Cherokee County, all of his interest in said land to A. J. Patton, and that in December, 1857, the Sheriff of Cherokee, H. H. Davidson, had again sold and conveyed all the interest of said Hyatt in said land to Drury Weeks and John A. Robinson, thus showing that said heir at law and widow had no interest in said land at the time of the execution of their deed to McAden. /

The defendant then offered in evidence many deeds showing conveyances through different parties and in different moieties from said Patton, Weeks and Robinson to the above named Lenoirs. The connection of the other plaintiffs of record with the controversy is nowhere made to appear. We presume they are the heirs at law of the said Lenoirs. The defendant offered in support of its own title to an undivided third of said land a deed from W. N. Bilbo to the Valley River Mining Company, the defendant, purporting to convey said interest, dated 6th January, 1867.

The defendant then offered in evidence an agreement, dated January 28, 1863, between W. N. Bilbo, A. O. Lyon and Drury Weeks, which was objected to by plaintiffs, " for the reason that the same had been registered after the time

allowed by law," which objection was overruled by his Honor, and plaintiffs excepted. The reasons given by his Honor for overruling the objection is, "the defendants, according to the evidence, being tenants in common, and no interfering interest having arisen."

We do not clearly apprehend the reasons above stated, but on examination of the Act of 1885, ch. 147, and of the "agreement" objected to, we hold that the instrument was neither a conveyance of land, nor contract to convey, nor lease of land, which by the terms of the aforesaid act, was required to be registered before January 1, 1886. It is an agreement between the parties for a division of the proceeds of sales thereafter to be made, and an authority or power to said Bilbo to take entire control and management of certain sales of lands and minerals for the parties. It is long and very obscurely expressed, and not necessary to be set forth in this opinion.

Two paper-writings attached to the above agreement, and described as receipts, were also offered in evidence by defendant, and objected to by plaintiffs upon the same ground as that of the objection to the said agreement; but we are of the opinion that they were not such instruments as were required by the Act of 1885 to be registered.

Besides, the said agreement, with the two endorsements thereon, was not offered as a deed of conveyance constituting a link in defendant's chain of title to one-third of said land, but as a declaration of said Patton, Weeks and Robinson to the effect that they were co-tenants of said land. Such declarations might have been competent for the purpose of working an estoppel upon the persons making said declarations while in possession, and upon their privies; and it was the contention of defendant that plaintiffs derived their title to two-thirds of said land through Patton, and were bound by the said declarations; but in the view which we take of the case, as will be seen hereafter, we think they were immaterial and had no effect upon the event of the controversy.

The defendants offered certain letters purporting to have been written by I. T. Lenoir in 1871, 1872 and 1873, for the purpose of showing the character of plaintiffs' possession. The other plaintiffs would not be estopped by declarations against interest of one of their co-tenants without evidence of any power or authority in the person making such declarations to bind the others; but his Honor, after admitting the same, in effect, ruled them out when he declared them "immaeterial, because plaintiffs failed to show possession sufficiently extensive or continuous to show ouster of defendants."

The reason is not clear to us, because it is stated in the case that "there was no evidence of any possession on the part of defendants until 1888, when Gus Jordan entered." But, as we shall show, it cannot affect the case to the prejudice of plaintiffs. "After the case was closed the Court intimated and decided that the defendants had, by their deeds and the recitals in them, connected themselves with the common source of title, and that he would direct the jury on the evidence, if believed, to answer the first issue 'Yes, two undivided thirds,' and to the second issue 'No,' to which instructions the plaintiffs excepted."

We think that the response of the jury to the issues was right, although we do not clearly see from the evidence reported in the statement of the case, the foundation of the reasons given by his Honor for his instructions.

Plaintiffs must recover upon the strength of their own title, and not upon the weakness of defendants'. Conceding, for the time, that the deed from McAden to the Lenoirs for the whole tract would constitute color of title—though we are not unmindful of the able argument of defendants' counsel to the contrary—the evidence offered by defendants clearly showed that, at the time of the execution of the McAden deed, the plaintiffs were claiming title to an undivided two-thirds of said land by other deeds, as tenants in common with other parties, and were in possession under such claim.

Can they then recover the whole tract of defendants by seven years adverse possession under the McAden deed? A claim of title by adverse possession under color negatives the idea of a rightful title.

Plaintiffs, being in possession as tenants in common with others, could not acquire title as to the interest of the other tenants in common by seven years adverse possession. It requires twenty years of such possession to amount to an ouster of the co-tenant. It makes no difference whether the defendant was the rightful co-tenant or not, for the plaintiffs are to show this title *against the world* before they can recover the disputed one-third. Their title to the two-thirds is admitted.

The late Chief Justice MERRIMON, in the opinion delivered by him in this case, 106 N. C., 473, says: "It was admitted by the defendant that the plaintiffs were part owners of the land. But this did not entitle them to be let into possession of the whole thereof as sole owners, or for themselves and others who might claim to be part owners as against defendant. As to the undivided one-third part claimed by it, the burden was on the plaintiffs to show title thereto in themselves, and, failing in this, the defendant having possession had the right to remain so, as tenant in common with the plaintiffs as part owners only."

In our opinion, that is the present status of the case. In discussing the rights of tenants in common among themselves, he further said: "The recovery of one such tenant is not generally a recovery of all of them, nor does such recovery entitle him to take possession for all."

In the case of *Foster* v. *Hackett*, 112 N. C., 546, Mr. Justice AVERY examined and discussed the question when one tenant in common can recover the whole tract for himself and his co-tenants, and very clearly lays down the rule, citing many authorities: "It is obvious, therefore, that one of several co-tenants, when he brings an action against a trespasser

on the common property, and *proves the title of the other ten-ants in establishing his own,* may, under the common law prac-tice in ejectment applied to actions for the possession of land, recover the whole, though he claim sole seizin in his com-plaint in himself, just as he can do under the procedure pre-scribed in *The Code,* by alleging that the action is brought in behalf of himself and others having a common interest, though it has never been determined in this State how far, if at all, in the action under the provisions of the statute, the co-tenants not actual parties would be concluded by the judg-ment." This is in accord with the opinion delivered by the same member of this Court in *Allen* v. *Sallinger,* 103 N. C., 14: " A plaintiff, showing title only to an undivided interest, may have judgment, without qualification, for the whole against one who has no title. * * * But the plaintiff who has proven title to one undivided seventh must, if he would have judgment for the whole, have shown on trial that the same evidence of title, or possession that established his own title, demonstrated the fact that others than defendant held, as co-tenants, the other interest, and this action would enure to their benefit. But the burden is always on the plaintiff in such actions, and he must establish his right clearly to the judgment demanded, just as he is required to show title good against the world." *Overcash* v. *Kitchie,* 89 N. C., 384; *Yancey* v. *Greenlee,* 90 N. C., 317.

Applying these principles to the case as it is now before us, the verdict and judgment only establish that the plaintiffs are the owners and entitled to the possession of an undivided two-thirds of the land in controversy, and that the defen-dants do not wrongfully withhold possession thereof from plaintiffs.

The plaintiffs have failed to establish that they are the owners of the whole tract. They have not shown who are the owners of the other one-third claimed by defendant, so as to entitle them to a judgment in behalf of their co-tenant,

if he be some one other than defendant, and therefore they are only entitled to the judgment they had below, and which was not contested but admitted by defendant, that plaintiffs were entitled to that which they already have—a two-thirds undivided interest in the land.

In this view of the case, any errors, if such there were, as pointed out in the plaintiffs' exceptions, are harmless.

The judgment is                                   Affirmed.