Daniel, J.
 

 The plaintiff states in his bill, that one Man-sel made his will and appointed Jacob Conrad and another his executors, and left a legacy to his daughter, the mother of the plaintiff and also the wife of one Henry Shore. He further states that in the year 1829, he, being in want of money, applied to his mother to aid him; which she agreed to do, if Conrad, the executor of her father, would let her have any. Conrad advanced the money, $>175, and took a bond from the plaintiff, with Henry Shore and and his wife Mary as sureties, payable to the executors: the said Conrad alleging that it was necessary for him to take the bond in this way, and retain it until he made a final settlement with Shore and wife, and then the said bond should be surrendered ; and he, Conrad, was to have a credit for the amount
 
 *279
 
 in the said settlement The plaintiff further states, that, a short time thereafter, the settlement for the legacy was made, and that Conrad was credited for the amount of the said bond, but for some excuse or other the bond was not delivered up. The plaintiff, being informed by his mother and Henry Shore that the bond was paid and satisfied, gave himself no more trouble about it. In the year 1835, Conrad requested the plaintiff to take up the old bond, which had been made payable to him as executor, and give him three new bonds, payable to himself only, for the amount of the old bond and interest. The plaintiff then told him, that the old bond was paid and satisfied. Conrad assured him that it was all right, and that he would have nothing to pay; and he gave as a reason for his asking for the new bonds, that the creditors of Shore were pressing him, and that it was necessary for him to hold some evidence of the amount advanced : and he moreover said, that one Lehman and others had a bill in equity then pending against him and Shore, trying to subject Shore’s interest in the aforesaid legacy to their debts. Conrad pressed the plaintiff to execute the said three bonds, which he then had with him ready written, particularly assuring him that he never should be compelled to pay them, that his cbject was to keep the bonds as vouchers to shew how he had managed the funds of the testator. The plaintiff, thereupon, executed three bonds.
 

 The transaction thus remained up to the death of Com ad, which took place in the year 1839. The plaintiff further states, that the defendants are the executors of Conrad, and that they, finding the aforesaid bonds among the papers of their testator, have brought suit on them at law against him, obtained judgments, and are now pressing their executions. The plaintiff says, that he has often informed the defendants of the truth of the transaction, and insisted that the bonds should be surrendered to him. Such are the statements of the bill, which prays for an injunction.
 

 The defendants in their answer state, that they are the executors of Conrad — that they found among their testator’s papers the three bonds mentioned in the bill — that they have obtained judgments on the same, and issued executions.
 
 *280
 
 They state that they believe the debt to be justly dne. They admit that Conrad became the executor of Mansell before the year 1820, arid that Mrs. Shore was the daughter of Mansell and the-mother of the plaintiff, and that she was a legatee under her father’s will. And they state, that Henry Shore, the husband, was.indebted to Conrad in a sum much larger than the legacy coming to his wife, that Shore assigned the whole legacy to Conaad, in part satisfaction. They further state, that neither the original bond nor the three bonds substituted for ft have been satisfied, and that they have the most conclusive evidence that the same are still due. They say that they have no knowledge of any agreement that the bonds were to be given up, as stated in the bill, or that he was allowed the same in his settlement.— They state their belief to be, that he might have made the debt payable to himself, so that it might be more easily and certainly collected.
 

 The court refused to dissolve the injunction, and ordered it to stand over for the parties to take proofs, and the defendant, by permission of the court, appealed from this interlocutory order.
 

 If Conrad only loaned the money to the plaintiff out of Mansell’s estate, why did he let it remain uncollected up to the death, a period of ten years? There was no relationship or particular friendship between them. The defendants admit that Mrs. Shore’s legacy-was paid in no oiher way than by the assignment of it by Shore to Conrad, in satisfaction of a debt which he owed Conrad. The deed or evidence of assignment, which must be in the defendant’s possession, is not. exhibited in the ans.wer. WeMo not see the date or contents of that instrument. We must conclude, however, that it was made alter the date of the first, bond, which was executed by the plaintiff with Shore and his wife as sureties. The defendants state in their answer that they have the most conclusive evidence that the debt is due. Then why not, in their answer, exhibit to the court that most conclusive evidence? Is it Shore’s deed of assignment? We admit that a sight of that instrument might throw much light on the question. The a
 
 *281
 
 mount of Conrad’s debt against Shore — the amount of the legacy — the amount of the debt paid by Shore by force the assignment — tiie date of that assignment — all these material tilings are wanting, which would be great aids in the right understanding of the case. The foregoing circumstances, connected with the staleness of the demand, the fact of Conrad giving up a bond with sureties and taking other bonds without surety — the length of time which then elapsed before his death, and nothing said about these bonds — ■ the defendants being executors and answering only as to their belief — the inartificial state of the pleadings — all taken together, raise a reasonable doubt upon the mind of the court, whether the equity in the bill is sufficiently negatived by the answer to authorize an order for the dissolution of the injunction. The defendants are amply secured, if they should get a decree upon the hearing. A short delay will be to them but a very little injury. In cases of this kind, viz. whether the court will dissolve an injunction on hearing the answer only, or will order the bill to stand over for proofs, much must depend upon the sound discretion of the judge, who is to decide the question. After all the consideration which we have given this case, we are not prepared to say, that the order made by the Superior Court is erroneous.— Therefore the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.