J. G. YANCEY and wife v. D. W. GREENLEE.

*Ejectment—Tenants in Common—Appeal, motion to dismiss.*

1. The defendant's defence, resting upon an alleged possession of the land under one of several tenants in common, has no application to the facts of this case.

2. One of several tenants in common may sue for the recovery of possession of the whole tract.

3. A motion to dismiss an appeal for want of an appeal bond will not be entertained after argument. 89 N. C., 597—Rule 2, §5.

(*Godfrey* v. *Cartwright*, 4 Dev., 487 ; *Bronson* v. *Paynter*, 4 Dev. & Bat., 393 ; *Holdfast* v. *Shepard*, 6 Ired., 361 ; *Pierce* v. *Wanett*, 10 Ired., 446; *Hutchison* v. *Rumfelt*, 82 N. C., 425, cited and approved).

EJECTMENT tried at Spring Term, 1879, of McDOWELL Superior Court, before *Graves, J.*

The complaint is in the usual form for the recovery of land, averring ownership in the plaintiffs and their right to the possession of the tract of land described with definite boundaries, and the wrongful occupation and withholding by the defendant. The defendant's answer denies the plaintiffs' title and their claim to sole and exclusive possession, admits himself to be " in the possession of certain lands immediately adjoining the lands described in the first paragraph of the plaintiffs' complaint, by the consent and authority of one of the owners," and adds as new matter and a further defence to the action :

That the lands mentioned in the complaint, and the lands immediately adjoining, occupied by him, are parts of the real estate of one John H. Greenlee, which at his death and by his intestacy descended to his two children, James H. Greenlee and Hannah A. E. Flemming, and that the moiety of the latter by her death and intestacy descended to her heirs-at-law, to-wit: the plaintiff Mary W., W. W. Flemming and Samuel H. Flemming, and that both tracts are now held by these several parties as tenants in common; and that the defendant is in possession of the said contiguous tract under and by authority of the said James H. Greenlee, the owner of an individual moiety therein.

After many continuances, the case was submitted to the jury at spring term, 1879, and they returned an affirmative response to the following issues:

1. Is the defendant in the adverse possession of the land described in the complaint, or any part of it?

2. If he is in possession of any of the land aforesaid, is said possession wrongful?

3. Is the plaintiff entitled to the possession of the lands described in the complaint?

From the judgment rendered upon these findings the defendant appeals.

*Mr. W. W. Flemming,* for plaintiffs.
*Mr. G. N. Folk,* for defendant.

SMITH, C. J., after stating the case. There is no assignment of errors accompanying the record, and from an inspection, we can discover none.

The appellant's counsel suggests that the defence rests upon an alleged tenancy in common of the land, with the assent of one of whom the defendant occupies, and that an issue should have been framed to present that matter to the jury. The answer to this is obvious:

1. The plaintiffs do not sue for the recovery of the adjoining

tract to which the defence applies, according to the defendant's own statements, but land which, though it may be held by them in common with others, he sets up no claim to hold in this suit.

2. The defendant denies the plaintiffs' title to the land described in the complaint, and also his wrongful occupation of it.

3. The defence, if applicable to the land from which the plaintiffs seek to eject him, could have been made available under the second issue as to his wrongful holding, since his possession, under one of several tenants equally entitled to possess, could not be wrongful against another.

4. The findings of the jury negative the matters set up in opposition to the recovery, for by their verdict he is declared to be in the adverse and wrongful possession of land to which the plaintiffs are entitled.

If the land sued for belongs to the *feme* plaintiff and others in common, she has an undoubted right to expel an intruding trespasser and regain or recover the possession, her right being full and complete, although others have the same right. Even in the old form of ejectment, one or more of several tenants in common could make a demise enabling the lessee to recover, as the following cases show, against a usurper: *Godfrey* v. *Cartwright*, 4 Dev., 487; *Bronson* v. *Paynter*, 4 Dev. & Bat., 393; *Holdfast* v. *Shepard*, 6 Ired., 361; *Pierce* v. *Wanett*, 10 Ired., 446.

It must be declared that there is no error, and, according to the well established rule, when none appears the judgment must be affirmed.

The motion to dismiss for want of an appeal undertaking comes too late after argument and cannot at this stage of the case be entertained under the rule, 89 N. C., 597, as construed in *Hutchison* v. *Rumfelt*, 82 N. C., 425.

No error. Affirmed.