JOHN L. MOREHEAD *et al.* v. DAVID B. HALL and THOMAS B. HALL.

(Decided March 20, 1900.)

*Real Action—Joint Demurrer and Motion to Dismiss Under Act 1897—Undescribed Half-Part of Tract Conveyed— Unnamed Tenants of the Other Half—Possession.*

1. Where a deed conveys one-half of a well-described tract, and makes no pretense to describe the particular part conveyed, the deed will be construed as conveying a one-half undivided interest in the land.

2. A tenant in common may bring ejectment and recover of a stranger the whole property if he shows that he has title to an undivided part, and by the same evidence of his own title proves that others than the defendant held as cotenants the other interest—and even without this proof in respect to others, he would still be entitled to recover his undivided interest in the land.

3. Although there may be no evidence of possession by some of the defendants, a joint demurrer will conclude them all, when some are shown to be in possession.

CIVIL ACTION, begun September 4, 1897, for the recovery of the land, tried before his Honor, *Bryan, J.,* at Fall Term, 1899, of CARTARET Superior Court.

At the conclusion of the plaintiffs' evidence the defendants jointly demurred to the evidence, and moved to dismiss the action under the Act of 1897.

The motion was allowed, and plaintiffs appealed.

The evidence and grounds of demurrer are stated in the opinion.

*Messrs. P. M. Pearsall,* and *Simmons, Pou & Ward,* for appellants.

*Mr. W. W. Clark,* for appellee.

Montgomery, J.    This is an action for the recovery of the possession of a tract of land.    On the trial the plaintiff introduced a chain of paper-title, beginning with a grant to John Benthall, dated October 30, 1765, and concluding with a deed from Joseph A. Perry to John M. Morehead, the plaintiffs being his heirs-at-law, dated July 17, 1856, and testimony going to show that the *locus in quo* was covered by the descriptions in the conveyances, and that David B. Hall, one of the defendants, was in possession of the land at and before the commencement of the action.

There was no objection entered to any of the evidence, and at its conclusion, as stated in the case on appeal, "the defendants jointly demurred to the evidence, and moved to dismiss the action under the Act of 1897."    The motion was allowed, and the plaintiffs appealed.

In each of the muniments of title, the *whole* of the land described in the complaint was conveyed, except that in one of the deeds, the one from Mary Bell and others, the heirs-at-law of David Bell, to H. G. Cutler, the land was described as "a certain piece of land in the fork of Newport, on the north side of the Southwest branch, adjoining the lands of William C. Wallace, deceased, and others, it being one-half of a tract of land given by Malachi Bell, Sr., to his son David Bell, as will more fully appear by reference to the will of Malachi Bell to David Bell, containing 200 acres more or less."

The counsel of the defendants contended here, as to the construction of that deed, first, that nothing was conveyed therein because of a totally defective description of a particular portion of the 200-acre tract, which was attempted to be conveyed; and second, that even conceding that there was conveyed in the deed a one-half undivided interest in the 200-acre tract, yet the plaintiffs could recover no part of the land, for the reason that they did not show on the trial who were the

owners of the other half of the tract in order that a judgment might be rendered for them, and the plaintiffs as tenants in common.

We think that the contention in neither of its forms can be sustained. We are without a decision on the first point in our Reports,nor have we been able, after a diligent research, to find much in the Reports of the courts of other States, and so we are left to adopt a construction of the deed, as best we may, from the light of reason.

We are of the opinion that there was conveyed in the deed a one-half undivided interest in the 200 acres. Some confusion, it is true, has arisen out of the use of the words "a certain piece of land," but there was no attempt to describe that "certain piece" by metes and bounds, or by any other definite description. If such an attempt, that is, an attempt to convey a specific number of acres, by survey or by metes and bounds, had been made, and the boundaries and description had been fatally defective, then nothing would have been conveyed, for such an attempted description would have shown in its own terms that an undivided interest had not been attempted to be conveyed. The deed on its face conveys only a part, one-half of a well-described tract, and makes no pretense to describe the particular part conveyed, and we see no reason why the deed should not be construed as conveying a one-half undivided interest in the land. That view is supported by the opinion in *Grogan v. Bache,* 45 Cal., 610. But in *Gibbs v. Swift,* 12 Cushing, 393; *Jackson v. Livingston,* 7 Wend., 136, and *L. I. Railroad Co. v. Conklin,* 29 N. Y., 572, a contrary doctrine is held, that is, that even if there was an attempt to convey a given part of a larger tract of land, and the deed should fail to locate the quantity by a sufficient description, yet, upon the delivery of the deed, the grantee would become the owner, tenant in common with his grantor.

We adopt the other construction because we think it the more reasonable, and more in conformity with the trend of our decisions on the questions of boundary and description. Either construction, however, is against the defendants' contention.

But, as we have seen, the defendants insist that even if there was conveyed in the deed a one-half undivided interest in the land, yet the plaintiffs could not recover that interest because they failed to name the other tenants in common, and to prove their title, so that a proper judgment could be entered. The rule is that a tenant in common may bring an action in ejectment and recover of a stranger the whole property, if the plaintiff shows that he has title to an undivided part, and also, by the same evidence of title or possession that showed his own title, proves that others than the defendant held as co-tenants the other interest. But if the plaintiff proves title to an undivided interest, and fails to show who are the owners of the other interest so as to entitle him to a judgment in behalf of himself and the other co-tenants, if they be some other than the defendants, he would still be entitled to recover his undivided interest in the land. *Allen v. Sallinger,* 103 N. C., 14; *Lenoir v. Manufacturing Co.,* 113 N. C., 513. Under that rule the plaintiffs in this case were entitled to recover a one-half undivided interest in the land.

It was argued by the counsel of defendants that the grant to Benthall was not registered until October, 1899, and that, as the last extension of time by the General Assembly for the registration of grants expired on the 1st of January, 1896, therefore the grant could not have been registered in 1899. Objection to the introduction of the grant does not appear in the record; neither does it appear that the grant was introduced to show only color of title and adverse possession by the plaintiff under it, so as to presume a grant. There is

nothing in the record going to show that the plaintiffs tried their case in any other manner than by title shown through regular and successive conveyance duly executed—by a chain of paper-title.

There was no evidence tending to prove possession on the part of the defendant Thomas B. Hall, but the demurrer was a joint one, and there having been evidence of possession against David B. Hall, the other defendant, the demurrer on this point also ought to have been overruled as to both the defendants. *Connant v. Barnard,* 103 N. C., 315; *Lough-ran v. Giles,* 110 N. C., 423.

New trial.