## SHELTON v. WILSON.

(Filed December 16, 1902.)

1. TENANCY IN COMMON—*Joint Tenants—Ejectment—Parties.*

A tenant in common may maintain ejectment against a third person.

2. PLEADINGS—*Limitations of Actions—General Denial—Eject-ment—The Code, Sec. 141—Adverse Possession.*

In ejectment the defendant may show, under the general denial, title by adverse possession under color of title, without specially pleading the title.

ACTION by W. M. Shelton and wife against W. Wilson and others, heard by Judge *T. A. McNeill* and a jury, at Spring Term, 1900, of the Superior Court of TRANSYLVANIA County. From a judgment for the plaintiffs, the defendants appealed.

No counsel for the plaintiffs.
*George A. Shuford,* for the defendants.

CLARK, J. In 1853, Benjamin Wilson died seized of a tract of 700 acres of land. By his will he devised the same to his wife, Jane Wilson, "to be possessed and enjoyed, to enable her to raise, support and school" their children, and, when the youngest child should become of age, or at the death of the widow, "what property remains to be equally divided between them, taking into consideration what they have received." There were eleven children. In February, 1860, Matthew M. Wilson, one of said children, conveyed to his sister, Laura Shelton, "all his interest" in said 700 acres, without warranty. The plaintiffs are her children. In 1883, Jane Wilson, who, till then, had continued to live on said farm, using it as her own, caused the same to be divided among the ten children then living, and executed deeds for

their respective tracts, described by metes and bounds, and put them each in possession—reserving to herself a life estate in one certain tract. Matthew M. Wilson, on 18 September, 1884, divided his tract into two, and conveyed one to his son Columbus, and the other to his daughter, Sarah E. Bolen, and it was in evidence that they have been in possession ever since —unless the order appointing a receiver herein in 1896 (who has received no rents) is an interruption.

On 5 January, 1889, an action for the recovery of said land was brought by these plaintiffs against Matthew M. Wilson and William Bolen. The case on appeal adds Sarah E. Bolen, but the record of said cause sent up as part of the record herein shows that Sarah E. Bolen was not a party, and the record controls. At September Term, 1891, the plaintiffs took a nonsuit. On 30 August, 1892, the plaintiffs brought this action against Matthew M. Wilson, and service was made by publication against him, he being a non-resident. On his death in 1897, his five children and William Bolen, the husband of his daughter Sarah, were made parties defendant.

The objection as to the deeds to plaintiffs from their cotenants need not be considered, for one tenant in common can maintain an action of ejectment against third parties. *Yancey v. Greenlee,* 90 N. C., 317; *Gilchrist v. Middleton,* 107 N. C., at page 684; *Winborne v. Lumber Co.,* 130 N. C., 32.

The fifteenth exception is to the following paragraph in the charge: "In no view of the evidence is the plaintiffs' claim barred by the statute of limitations." The deed from Jane Wilson to Matthew M. Wilson, in 1883, was color of title, as were also the deeds from Matthew M. Wilson to Columbus Wilson and Sarah E. Bolen, in September, 1884. There was evidence that they have been in possession ever since, certainly until the receivership in this case in 1896—

since which time the evidence of possession is conflicting. Columbus Wilson and Sarah E. Bolen were parties to no action till joined herein in 1897, and their title had then ripened.   Even if Sarah E. Bolen had been, as stated in the case on appeal (which is contradicted, however, by the record), a party to the action begun in 1889, she was not made a party to the new action begun 30 August, 1892, within twelve months after the nonsuit taken in September, 1891, and the statute ran as to her from 18 September, 1884, till made a party in 1897.   The conveyance from Matthew M. Wilson to Laura Shelton in 1860, under which the plaintiffs claim, contained no warranty, and is not an estoppel upon Columbus Wilson and Sarah E. Bolen, who claim under the deeds to them from Matthew M. Wilson in 1884, and seven years possession thereunder.   It was not required that the defendants should plead the seven years statute.   The Code, Sec. 141.   This defence can be shown under the general denial of the plaintiffs' title.   *Cheatham v. Young,* 113 N. C., 161; 37 Am. St. Rep., 617; *Mfg. Co. v. Brooks,* 106 N. C., 107.

In view of this error, it is unnecessary to consider the other exceptions, and the interesting questions which they present.

Error.