## NORFOLK SOUTHERN RAILROAD COMPANY v. RAPID TRANSIT COMPANY.

(Filed 14 March, 1928.)

**Injunctions—Continuing to Hearing—Grounds—Trespass—Insolvency.**

When a continuous trespass is sought to be enjoined, and the rights of the parties require the determination of the jury upon conflicting evidence, and irreparable injury for the continued trespass will likely follow, the courts will ordinarily continue the cause to the hearing to prevent further litigation, cost, and trouble, when no harm thereby can be done, irrespective of the solvency of the alleged trespasser.

Appeal by plaintiff from *Harris, J.,* at January Term, 1928, of Pitt.

Civil action to enjoin defendant from trespassing upon plaintiff's property, it being alleged that irreparable damage has been and will continue to be suffered from defendant's wrongful acts, which it threatens to continue *ad libitum* and has persistently repeated, notwithstanding notice and demand to desist.

The temporary restraining order entered in the cause was dissolved, from which plaintiff appeals, assigning error, because said order was not continued to the hearing.

*F. G. James & Son for plaintiff.*
*J. Con Lanier for defendant.*

Stacy, C. J. The facts are in dispute; they can be determined only by a jury. A continuous trespass may be enjoined, without an allegation of insolvency. C. S., 844; *Kinsland v. Kinsland,* 188 N. C., 810, 125 S. E., 625; *Cobb v. R. R.,* 172 N. C., 58, 89 S. E., 807. And where it can do no harm to grant the injunction, and a refusal is likely to subject one of the parties to further litigation, cost and trouble, the court will ordinarily interfere by orders until the facts can be found and the way made clearer. *McCorkle v. Brem,* 76 N. C., 407. See, also, *D. L. & W. R. R. Co. v. Morristown,* U. S., decided 20 February, 1928.

Error.