M. F. TEETER AND WIFE, LOU A. TEETER, v. MARVIN F. TEETER.

(Filed 22 November, 1933.)

1. **Mortgages H b—Where serious dispute exists as to amount of debt and agreement not to foreclose, restraining order should be continued.**

Suit was brought by a tenant in common in lands to restrain the foreclosure of a mortgage given his cotenant for money borrowed. Plaintiff alleged that defendant had agreed not to foreclose the mortgage during the current year in consideration of plaintiff's renting defendant's interest in the lands and that plaintiff had breached his contract by advertising the property and that certain credits had not been allowed on the mortgage debt as agreed upon by the parties, and prayed for an accounting: *Held*, the temporary restraining order entered in the cause should have been continued to the hearing, it appearing that serious dispute existed between the parties.

2. **Appeal and Error J a—**

On appeal in injunction proceedings the Supreme Court has the power to find and review findings of fact.

CIVIL ACTION, before *Warlick, J.,* at April Term, 1933, of CABARRUS.

The plaintiff, Lou A. Teeter, and the defendant are tenants in common in a tract of land upon which there is a house occupied by plaintiffs. On or about 9 May, 1925, the plaintiffs executed a deed of trust covering their one-half interest in the land to secure a note of $1,100, which said note had been purchased and is now owned by the defendant. The plaintiff alleges that in May, 1925, he sold the defendant a mule, and that the defendant agreed to credit the purchase price amounting to $90.00 on said note. The plaintiffs further allege that in January, 1933, they rented from the defendant, his one-half of the house on the land for the sum of $5.00 per month for the entire year of 1933, and further contracted to pay to the defendant the sum of $5.00 per month to be credited on said note, and that in consideration of such agreement the defendant agreed not to foreclose his deed of trust on the property during the year 1933. The plaintiffs further allege that the defendant in breach of said agreement has advertised the land for sale under the deed of trust aforesaid, and that the defendant had failed to make certain credits upon said note. Whereupon the plaintiffs ask that there be an accounting between the parties and that the sale be restrained. A temporary restraining order was signed, and at the hearing affidavits were offered by the parties, and thereupon the court dissolved the restraining order and the plaintiffs appealed.

*Hartsell & Hartsell for plaintiffs.*
*H. S. Williams for defendant.*

BROGDEN, J. Do the pleadings and affidavits disclose a serious dispute between the parties?

The plaintiff alleged that he had leased the defendant's half interest in the dwelling-house for the year 1933 for a stipulated monthly rental, and in consideration thereof the defendant had agreed not to foreclose the deed of trust during the year 1933. It was alleged also that the defendant had violated the agreement by advertising the property. There was allegation to the effect that certain credits had not been allowed to the plaintiffs by the defendant upon said indebtedness.

This Court has held that it has the power to find and review findings of fact on appeal in injunction proceedings, and that "where it will not harm the defendant to continue the injunction, and may cause great injury to the plaintiff, if it is dissolved, the court generally will restrain the parties until the hearing  .  .  .  ; where serious questions were raised  .  .  .  ; or where reasonably necessary to protect plaintiff's rights." *Wentz v. Land Co.,* 193 N. C., 32, 135 S. E., 480; *Ferebee v. Thomason, ante,* 263. The defendant relies upon *Leak v. Armfield,* 187 N. C., 625, 122 S. E., 393. But it must be noted that in the *Leak case, supra,* there was no allegation of fraud, mistake, or breach of contract, and that the amount involved was due and ascertained. Consequently, the case is not controlling.

Manifestly a serious dispute had arisen between the parties and the restraining order should have been continued to the hearing.

Reversed.