J. T. BAILEY, H. A. OSBORNE, EDWIN FINCHER AND M. T. McCRACKEN, CITIZENS, TAXPAYERS AND QUALIFIED VOTERS OF HAYWOOD COUNTY, v. GUDGER BRYSON, W. H. NOLAND AND VIRGE McCLURE, COUNTY BOARD OF ELECTIONS OF HAYWOOD COUNTY; AND DAVID N. CABE, ON THE PART OF HIMSELF AND OTHER CITIZENS AND TAXPAYERS.

(Filed 28 September, 1938.)

1. **Intoxicating Liquor § 2—Order restraining election on liquor question is properly continued when petition does not affirmatively show that signers were qualified and did vote in last election for Governor.**

Ch. 49, Public Laws of 1937, requires that a petition for the submission to a vote of the question of setting up and operating liquor stores in the county should be signed by at least 15% of the registered voters of the county that voted in the last election for Governor, and where, in a suit to restrain such election, it is found that the petition fails to show that the persons signing the petition voted in the last election for Governor, or were qualified to so vote, the temporary order is properly continued to the hearing for the determination of this question.

2. **Injunctions § 11—**

Ordinarily, in a suit for a permanent injunction, the temporary order will be continued to the hearing when the evidence raises serious question as to the existence of facts, which, if established, would entitle plaintiff to the relief sought.

CLARKSON and DEVIN, JJ., concur in result.

APPEAL by defendant David N. Cabe from *Alley, J.,* at July Term, 1938, of HAYWOOD.

Civil action to enjoin the holding of an election in Haywood County on the question of setting up and operating therein county liquor control stores under the provisions of chapter 49 of Public Laws 1937.

The action was instituted against the county board of elections. Thereafter David N. Cabe, a citizen, taxpayer and qualified voter of Haywood County, in behalf of himself and others, citizens, taxpayers and qualified voters of said county, was permitted to become a party defendant.

The record discloses that, acting under the provisions of chapter 49, Public Laws 1937, upon petition of registered voters of Haywood

County filed with it, the board of elections of said county has called an election at which there shall be submitted to the qualified voters of said county the question of setting up and operating liquor stores therein.

Plaintiffs in their complaint challenge the sufficiency of the petition on which the board of elections acted. Temporary injunction was signed and served. All defendants have answered.

On hearing of motion of defendants to dissolve the injunction, the court below finds, among other things, "that the petition upon which the election referred to in the pleadings was called fails to show affirmatively that the persons signing said petition voted in the last election for Governor of North Carolina, or were qualified so to vote; and it further appearing that the answer filed by the board of elections of Haywood County admits that the petitions filed with said board calling for said election do not designate the signers other than that they are duly qualified voters of Haywood County, and that the said defendants in receiving said petitions and in ordering said election counted the signers thereof, but had no way of determining whether or not said signers were duly and properly registered, and had no knowledge or information as to whether or not the signers of said petition were persons who voted in the last election for Governor of North Carolina."

From judgment continuing the injunction to the final hearing, the defendant David N. Cabe appealed to the Supreme Court and assigns error.

*T. A. Clark for plaintiffs, appellees.*
*W. T. Crawford for defendant, appellant.*

WINBORNE, J. The appellant, David N. Cabe, excepted to the judgment entered below, and, on this appeal, assigns as error the signing of the judgment. This is the only question presented. The assignment is not tenable.

The act relating to the setting up and operating county liquor control stores requires as condition precedent that the question be submitted to and approved by the qualified voters of such county, at an election called "by the board of elections of such county only upon the written request of the board of county commissioners therein, or upon a petition to said board of elections signed by at least fifteen per centum of the registered voters in said county that voted in the last election for Governor." Section 25, chapter 49, Public Laws 1937.

On the findings of fact, to which there is no exception, the court below properly continued the injunction to the hearing.

"Where the main purpose of an act is to obtain a permanent injunction and the evidence raises serious question as to the existence of facts

which if established would entitle the plaintiff to the relief demanded, the usual practice is to continue the temporary restraining order to the hearing." *Springs v. Refining Co.,* 205 N. C., 444, 171 S. E., 635, and cases there cited.

Whether the defendants will be able to show at the trial that the signers of the petition have the qualifications required by the statute is not now before this Court.

The judgment below is
Affirmed.

CLARKSON and DEVIN, JJ., concur in this result.