### W. N. LANCE v. C. M. COGDILL.

(Filed 4 November, 1953.)

**1. Injunctions § 8—**

Ordinarily, a temporary restraining order will be continued to the hearing if there is probable cause for supposing that plaintiff will be able to maintain his equity and there is reasonable apprehension of irreparable loss unless it remains in force or if it is reasonably necessary to protect plaintiff's rights until the controversy can be determined.

**2. Same—**

Where plaintiff seeks to restrain a continuing trespass, the temporary order will ordinarily be continued to the hearing when the facts are in dispute and can be determined only by a jury.

**3. Same—**

Even when plaintiff establishes a recognized equity, the continuance of a temporary restraining order rests in the sound discretion of the judge, to be determined by balancing the probable inconvenience and damage which would result to the defendant against the benefit to plaintiff which would result from its continuance, and the court properly dissolves a temporary order when it appears that its continuance would produce greater injury than would result from its denial.

**4. Same—**

Ordinarily, a temporary order restraining the operation of a legitimate business will not be continued to the hearing except in extraordinary cases when necessary to preserve the rights of plaintiff.

**5. Appeal and Error § 40c—**

While the Supreme Court is not bound by the findings or ruling of the judge below in injunction cases, the presumption is in favor of the correctness of the judgment of the lower court with the burden upon appellant to assign and show error, and therefore when the record does not show affirmatively to the contrary it will be presumed that the order was based upon a proper exercise of discretionary power supported by the facts of the case.

**6. Judgments §§ 29, 32: Tenants in Common § 9—**

.Where one tenant in common obtains an order restraining a material continuing trespass by a stranger, such order does not preclude another tenant in common from thereafter instituting an action against the same stranger to restrain an asserted material trespass, since the second tenant in common, not being a party to the first action, is not bound by the judgment therein, and is not, therefore, relegated to the remedy of a motion in the original cause.

APPEAL by plaintiff from *Clement, J.,* at Chambers in Brevard, North Carolina, 27 July, 1953. From HENDERSON.

Civil action instituted on 17 July, 1953, by the issuance of a summons and the filing of verified complaint. The purpose of the action is to (a) enjoin the defendant from blasting, dynamiting or otherwise operating his quarry in such a manner as to cause limestone or other rocks to be thrown upon the adjacent property of the plaintiff; (b) require that a dike constructed by the defendant be removed; (c) for the recovery of damages sustained by the plaintiff to his real and personal property by reason of the unlawful, careless and negligent operation of the defendant's quarry.

Allegations and facts pertinent to this appeal may be stated as follows:

1. The plaintiff alleges that he owns a one-half undivided interest in the Jerusha Lance dower tract, containing approximately 109 acres, adjacent to the leasehold estate of the defendant; that he is in possession of and lives thereon; that the dwelling in which he resides is located approximately 200 feet west of Kimsey Creek that flows in a southerly direction along the dividing line of these properties, and that the quarry operated by the defendant on the east side of Kimsey Creek extends to within about ten feet thereof.

2. It is further alleged that the defendant's quarry extends along Kimsey Creek a distance of approximately 1,400 feet, and is being operated by the defendant for commercial purposes.

3. That during the past few weeks and since 1952, the defendant has been loosening rock in his quarry for processing purposes by the use of large quantities of explosives; that on various occasions many cases of dynamite have been placed in the limestone to be exploded and have been exploded several times each week; that as a result of said explosions, large quantities of stone in sizes ranging from an ordinary marble to several feet in diameter have been blown out of defendant's deposit of limestone and upon the lands of the plaintiff; that so frequent and violent have been these explosions that many acres of plaintiff's property have been covered with these rocks. That such explosions have thrown rocks over and upon plaintiff's property for a distance of 300 to 500 yards, making the property unsafe for occupancy; that on or about 14 July,

1953, the defendant set off a large explosion of dynamite in his quarry which blasted limestone over a wide area of several hundred yards along Kimsey Creek, some of which fell upon plaintiff's automobile near his residence and upon his stock, seriously wounding some of his ponies grazing on said lands.

4. Plaintiff alleges that he has been greatly damaged and that his damages are irreparable and will continue to be as long as these operations exist in an unlawful manner; that the plaintiff does not desire to stop the defendant from operating his quarry, provided he does so in such manner as not to damage his property or endanger life on his premises.

5. The defendant in his answer admits that some rock falls upon the plaintiff's property by reason of his blasting, but alleges that he is not liable therefor because of a previous injunction issued heretofore involving these premises.

6. It appears from the record that in September, 1947, C. E. Lance, brother of the plaintiff in this action, and the owner of the other one-half undivided interest in the lands referred to herein, instituted an action against the defendant alleging damages resulting from the alleged unlawful manner in which the defendant was operating his quarry. He alleged in his complaint that the quarry was located some 600 feet from a barn and cabins on his premises and some 800 feet from his residence, and prayed the court that the defendant, his agents, servants and employees be forever restrained and enjoined from so using his quarry as to throw rocks, stones and debris on the lands of the plaintiff, and from trespassing in any manner on the property of the plaintiff. The former action came on for hearing at the January Term, 1948, in the Superior Court of Henderson County. The court found the facts and entered judgment enjoining the defendant, his agents, servants and employees from operating the quarry described in the complaint in such a manner as to cause rocks and stones to be thrown on the premises of the plaintiff. The judgment, however, contains the following proviso: "Provided however . . . that a rare and isolated case of hurling or throwing of a small quantity of stone and rock on the area of plaintiff's pasture land described in the findings of fact by blasting, provided it does not endanger plaintiff's home and barn, shall not constitute a continuing trespass and violation of this judgment."

7. A temporary restraining order in the present action was entered by Zeb V. Nettles, Resident Judge of the Nineteenth Judicial District, on 17 July, 1953, and such order directed the defendant to appear before his Honor J. H. Clement, Judge of the Superior Court holding the courts of the Eighteenth Judicial District, in the City of Brevard, on 27 July, 1953, at 10:00 a.m., and show cause if any he has, why the restraining order should not be continued to the final hearing.

This cause was heard before Clement, J., at the designated time and place upon the complaint and answer filed in said cause and used as affidavits, and after hearing arguments of counsel, the court being of the opinion that the temporary restraining order theretofore issued should be dissolved, the court, in its discretion, entered an order dissolving the temporary restraining order, but retaining the cause for the further orders of the court. The plaintiff appeals, assigning error.

*Monroe M. Redden and Monroe M. Redden, Jr., for plaintiff, appellant.*
*Harkins, Van Winkle, Walton & Buck for defendant, appellee.*

DENNY, J. The court below found no facts and it does not appear that it was requested to do so. Therefore, the ground upon which it exercised its discretionary power to dissolve the temporary restraining order is not disclosed.

Ordinarily, a temporary restraining order will be continued to the hearing if there is "probable cause for supposing that the plaintiff will be able to maintain his primary equity and there is a reasonable apprehension of irreparable loss unless it remains in force, or if in the opinion of the court it appears reasonably necessary to protect the plaintiff's right until the controversy between him and the defendant can be determined." *Cobb v. Clegg,* 137 N.C. 153, 49 S.E. 80; *Seip v. Wright,* 173 N.C. 14, 91 S.E. 359; *Boushiar v. Willis,* 207 N.C. 511, 177 S.E. 632; *Porter v. Insurance Co.,* 207 N.C. 646, 178 S.E. 223; *Hare v. Hare,* 207 N.C. 849, 178 S.E. 545; *Little v. Trust Co.,* 208 N.C. 726, 182 S.E. 491; *Bailey v. Bryson,* 214 N.C. 212, 198 S.E. 622; *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383.

Likewise, when a continuing trespass is sought to be enjoined and the facts are in dispute and can be determined only by a jury, the courts will ordinarily continue the cause to the hearing. *Norfolk Southern R. Co. v. Rapid Transit Co.,* 195 N.C. 305, 141 S.E. 882. Even so, "whether the Court will dissolve an injunction on hearing the answer only or will order the bill to stand over for proofs, much must depend upon the sound discretion of the judge who is to decide the question." *James v. Lemly,* 37 N.C. 278; *McCorkle v. Brem,* 76 N.C. 407; *Cobb v. Clegg, supra.*

In *Lewis v. Lumber Co.,* 99 N.C. 11, 5 S.E. 19, the defendant was engaged in the manufacture of lumber. The plaintiff obtained an injunction restraining the defendant from cutting timber on certain lands, the title to which was claimed by both parties. Upon appeal, the Court said: "The business is a legitimate one, and ought not to be arrested, especially if this can be avoided consistently with the rights of the plaintiff. Indeed, it is against the policy of the law to restrain industries and lawful enterprises. It ought not to be done, unless in extreme cases, certainly when

it may be avoided." *Hurwitz v. Sand Co.,* 189 N.C. 1, 126 S.E. 171; *Tobacco Growers' Ass'n. v. Bland,* 187 N.C. 356, 121 S.E. 636; *Stewart v. Munger,* 174 N.C. 402, 93 S.E. 927; *Lumber Co. v. Wallace,* 93 N.C. 22.

*Bynum, J.,* in speaking for the Court in *Perry v. Michaux,* 79 N.C. 94, said: "If upon the hearing of an answer the statements are such as to leave upon the mind of the Court a reasonable doubt whether the plaintiff's equity is sufficiently negatived, the injunction will not be dissolved, but be continued to the hearing. . . . But it is also a well settled rule that when by the answer the plaintiff's whole equity is denied, and the statement in the answer is credible and exhibits no attempt to evade the material charges in the complaint, an injunction on motion will be dissolved." *Riggsbee v. Durham,* 94 N.C. 800; *Tobacco Growers' Ass'n. v. Harvey & Son Co.,* 189 N.C. 494, 127 S.E. 545, 47 A.L.R. 928.

In the case of *Tobacco Growers' Ass'n. v. Bland, supra,* this Court quoted with approval from the opinion in *American Smelting Co. v. Godfrey,* 158 F. 225, 14 Ann. Cas. 8, the following: "It may be stated as a general rule that in determining whether to grant an injunction it is the duty of the Court to consider the inconvenience and damage that will result to the defendant as well as the benefit that will accrue to the complainant by granting the writ. . . . Upon balancing the conveniences, if it appears that an injunction would be productive of greater injury than would result from its denial, it should not be granted." *Huskins v. Hospital, ante,* 357. Naturally, this same reasoning would apply in determining whether or not a temporary restraining order should be continued to the hearing. We presume the court below in exercising its discretion took all these factors into consideration; therefore, we will not disturb his ruling. Neither are we inadvertent to the fact that we are not bound by the findings or ruling of the judge below in injunction cases, but may look into and review the evidence on appeal. Even so, there is a presumption that the judgment entered below is correct, and the burden is upon the appellant to assign and show error. *Little v. Trust Co., supra; Teeter v. Teeter,* 205 N.C. 438, 171 S.E. 620; *Seip v. Wright, supra; Hyatt v. DeHart,* 140 N.C. 270, 52 S.E. 781. However, if the record disclosed affirmatively that the ruling of the court below was based on the grounds urged by the defendant in his brief, we would be confronted with an entirely different question from that now before us.

The defendant admits in his answer that in the operation of his quarry, occasionally small stones are thrown over and upon the lands of the plaintiff. He alleges, however, in his answer and contends in his brief that if the plaintiff has been damaged as alleged in his complaint, he is not entitled to obtain any relief in this action, but must proceed by motion in the cause in the case instituted in 1947 by his brother, C. E. Lance.

Moreover, he contends that the acts complained of must be found to be violative of the provisions contained in the judgment entered in that action; otherwise he is estopped from obtaining any relief.

In support of the above position the defendant cites in his brief the case of *Faison v. McIlwaine,* 72 N.C. 312, in which it is stated: "It is well established in this state that no party to a suit is permitted by new and independent action praying for an injunction to seek any relief which he might obtain by motion in the original action . . . the present plaintiff might have obtained the relief he seeks by a motion in the original action, as upon *audita querela,* which the judge would have allowed on such terms as might be just." Certainly this is a correct statement of the law, but it applies only to parties who were parties to the original suit.

We do not concur in the view that this plaintiff is bound by the action instituted in 1947 by his brother, C. E. Lance. The plaintiff was not a party to that action and is not bound by it. One tenant in common may sue alone and recover possession of the common property, as against a third party claiming adversely to him and his cotenants, even though he can prove title to only an undivided interest, since each tenant in common is entitled to possession of the whole, except as against a cotenant. *Yancey v. Greenlee,* 90 N.C. 317; *Thames v. Jones,* 97 N.C. 121, 1 S.E. 692; *Gilchrist v. Middleton,* 107 N.C. 663, 12 S.E. 85; *Moody v. Johnson,* 112 N.C. 804, 17 S.E. 579; *Morehead v. Hall,* 126 N.C. 213, 35 S.E. 428; *Winborne v. Lumber Co.,* 130 N.C. 32, 40 S.E. 825; *Shelton v. Wilson,* 131 N.C. 499, 42 S.E. 937; *Taylor v. Meadows,* 169 N.C. 124, 85 S.E. 1; *Davis v. Morgan,* 228 N.C. 78, 44 S.E. 2d 593; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673. However, one tenant in common cannot recover damages for trespass against a third party in excess of his *pro rata* interest in the common property. *Winborne v. Lumber Co., supra.* Cf. *Hinson v. Shugart,* 224 N.C. 207, 29 S.E. 2d 694.

In the case of *Winborne v. Lumber Co., supra, Clark, J.* (later *Chief Justice*), said: "As to damages for cutting the timber, the plaintiff was entitled to recover only one-fifth, since this judgment would not be a bar to an action by the other four tenants in common for their *pro rata* part of the damages."

As stated in *Huskins v. Hospital, supra,* our ruling on the action of the court below, dissolving the temporary restraining order, will have no bearing whatever on the rights of the parties when the action is tried on its merits.

For the reasons given, the action in the court below, in dissolving the temporary restraining order, is

Affirmed.