JAMES HERBERT BROWN v. JOBIE WILLIAMS AND HESTER JOHNSON.

(Filed 28 September, 1955.)

**Injunctions § 8—**

Where there is sufficient evidence to support the trial court's findings that there was probable cause that plaintiff would be able to establish title to the *locus in quo* and that the continuance of the cutting of timber by defendants during the litigation would produce injury, judgment continuing the restraining order to the hearing will be affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Carr, J.,* May Term 1955, of BERTIE. In Chambers.

*John R. Jenkins, Jr., and Pritchett & Cooke for Plaintiff Appellee.*

*E. R. Tyler and Gillam & Gillam for Defendant Appellants.*

PER CURIAM. This was an action to recover damages for trespass and timber cutting, and to restrain the defendants.

Based on the complaint, temporary restraining order was issued and made returnable before Judge Carr. On the return day the plaintiff offered deeds and affidavits tending to fit description in the deeds to cover the *locus,* and to show possession by those under whom he claims for more than 60 years.

The defendants admitted cutting the timber but alleged title thereto in the defendant Johnson. Defendants offered no evidence but contended that plaintiff's evidence was insufficient to identify the land or to fit the description in the deeds to the land as described in the complaint.

From the evidence offered Judge Carr made findings of fact and concluded that there was probable cause that plaintiff would be able to establish the right asserted by him in his complaint and that continuance of cutting timber by defendants during the litigation would produce injury. G.S. 1-485. *Lance v. Cogdill,* 238 N.C. 500, 78 S.E. 2d 319. Accordingly the restraining order was continued to the final determination of the action.

There was evidence to support the findings of the judge and his conclusion after considering the evidence that the restraining order should be continued will be upheld. As the final termination of the litigation must await the trial in term, we deem it unnecessary to discuss the evidence or the questions of law debated on the argument and by brief.

Judgment affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.