JOHN L. ROPER LUMBER CO. v. COPPERSMITH ET AL.

(Filed 17 February, 1926.)

**1. Injunction—Equity—Insolvency.**

A restraining order for continuous trespass on the lands of another does not necessarily require that plaintiff allege and show insolvency of defendant.

**2. Same—Trespass—Public Benefit—Injury—Damages.**

Where the injury is not irreparable or comparatively insignificant, the courts will not interfere by injunction against the continuance of an enterprise of public interest, pending the final determination of an action for trespass.

APPEAL by plaintiff from an order of *Bond, J.,* modifying the terms of a restraining order previously granted, heard at April Term, 1925, of CAMDEN. Affirmed.

*Thompson & Wilson for plaintiff.*
*W. I. Halstead for defendant.*

ADAMS, J. The plaintiff, claiming to be the owner of a tract of land described in the complaint, alleges that the defendants have wrongfully entered thereon, have constructed a logging road, and have removed valuable timber, thereby causing the plaintiff irreparable damage. The defendants filed an answer, joining issue on the question of title or location. On 31 March, 1925, Judge Bond issued an order returnable in April by which he restrained the defendants from entering or in anywise trespassing on the land described in the complaint pending further orders. On the return day this order was modified and the defendants were permitted to operate the road already constructed. The plaintiff excepted and appealed.

It appears from the record that there is a controversy founded in good faith as to the plaintiff's title to the land on which the railroad is situated and as to the plaintiff's legal right to interfere with the defendants' operation of the enterprise; or if a technical trespass can be shown that it will probably be so slight as to preclude the exercise of the equitable jurisdiction of the court. To restrain the use of the railroad would probably result in serious damage to the defendant, and the courts are not alert to prevent the operation of a public utility or to suspend the business of a private industry pending the determination of the plaintiff's rights, when the alleged injury is not irreparable. While the insolvency of the defendants need not be shown if the trespass is continuous in its nature, it is against the policy of the law to interfere by preliminary injunction with industries and enterprises that tend to develop the country and its resources. *Griffin v. R. R.,* 150 N. C., 312; *Lumber Co. v. Wallace,* 93 N. C., 23. The judgment is

Affirmed.