R. P. SCRUGGS, J. A. SMITH, L. L. LONG, AND R. M. TWITTY, ON BEHALF OF THEMSELVES AND ALL OTHER CITIZENS AND TAXPAYERS OF RUTHERFORD COUNTY SIMILARLY SITUATED, v. D. V. ROLLINS, F. D. KOON, E. E. HARRILL, J. H. HILL, AND W. A. JOLLY, CONSTITUTING AND BEING MEMBERS OF THE BOARD OF COUNTY COMMISSIONERS OF RUTHERFORD COUNTY.

(Filed 21 November, 1934.)

1. **Taxation A a—Issuance of bonds held properly restrained to hearing upon complaint alleging filing of petition for vote in accordance with statute.**

    Plaintiffs, taxpayers of a county, filed suit to restrain the issuance of bonds by the county for necessary county expenses until the issuance of such bonds should be authorized by the qualified voters of the county, and plaintiffs alleged in their complaint that the levying of taxes for the proposed bond issue would work irreparable injury to plaintiffs and other taxpayers, and that a petition signed by more than twenty per cent of the qualified voters of the county had been filed with the defendant county commissioners, which petition asked that the proposed bond issue be submitted to the voters. N. C. Code, ch. 24, Art. VII-A. Defendants filed answer alleging that the petition did not contain names of the required fifteen per cent of the qualified voters of the county: *Held,* the temporary order restraining the issuance of the bonds was properly continued to the hearing on the merits of the case when the sufficiency of the petition could be determined.

**2. Injunctions D b—**

Where plaintiff has shown probable cause, or a *prima facie* case, or it can reasonably be seen that he will be able to make out his case at the final hearing, continuance of the temporary order is proper.

**3. Appeal and Error J f—**

While the Supreme Court, on appeal in injunction proceedings, can find and review the findings of fact, the burden is on appellant to show error.

Appeal by defendants from *Warlick, J.,* 20 August, 1934. From Rutherford. Affirmed.

The following are orders signed by Warlick, J.: First. "It appearing from the verified complaint filed in this cause, which is asked to be taken as an affidavit, that the plaintiffs allege that more than twenty per cent of the qualified voters of Rutherford County cast at the last ·gubernatorial election have signed a petition asking that said bond issue referred to in the complaint be submitted to a vote of the people of Rutherford County, at a special election to be held for the county of Rutherford, or at the next general election, and have asked in the meantime that the defendants be restrained and enjoined from issuing said bonds or doing anything further in connection with the issuance of said bonds; and .it further appearing to the court that the defendant and its clerk to said board, upon an examination of said petitions, have not indicated on said petitions or filed as a public record of said board of commissioners the voters whose names appear upon said petition whom they allege are not qualified voters in said county:

"It is therefore ordered, adjudged, and decreed that the defendants appear before the undersigned judge holding the courts of the Eighteenth Judicial District at Columbus, North Carolina, on 3 September, 1934, and show cause if any it has why the said bond issue should not be submitted to a vote of the people of Rutherford County;

"And it further appearing that said defendant and the clerk to its board, W. O. Geer, have not indicated on said petition, or filed as a public record of its said board, the names of the said petitioners whom it alleges are not qualified voters in said county;

"It is further ordered that the defendant and W. O. Geer, clerk to its board, be and they are hereby ordered and directed to indicate upon the said petition the names of said petitioners whom they allege are not qualified voters in the county of Rutherford, or that in lieu thereof that the said defendant and W. O. Geer, clerk to its board, file as a public record a list of the names and postoffice addresses as appearing upon said petition whom the said board alleges are not qualified voters in Rutherford County, whose names they failed to count within five days from the service of this order upon said board; and

"It is further ordered, adjudged, and decreed that in the meantime the said defendant be and it is hereby enjoined and restrained from taking

any further proceedings in connection with said bond issue until the same is heard by the undersigned resident judge of the Eighteenth Judicial District, upon plaintiffs giving a bond in the sum of $100.00 to indemnify defendants against loss by virtue of this order.

"It is further ordered, adjudged, and decreed that a copy of this order be served on each member of the board of county commissioners and upon W. O. Geer, clerk to said board, by the sheriff of Rutherford County. This 13 August, 1934. Wilson Warlick, Judge Holding the Courts of the Eighteenth Judicial District of North Carolina."

Second. "This cause coming on to be heard before his Honor, Wilson Warlick, judge holding the courts of the Eighteenth Judicial District, at Burnsville, North Carolina, upon motion made by said defendants to vacate the order of injunction heretofore signed by his Honor, Wilson Warlick, on 13 August, 1934, and being heard. And it appearing to the court from the verified complaint that the bonds proposed to be issued by the defendants should be enjoined and restrained pending the hearing in this cause upon its merits:

"It is therefore ordered, adjudged, and decreed that the defendant board of county commissioners of Rutherford County be and they are hereby enjoined from issuing and delivering the bonds referred to in the complaint filed in this action in the sum of $163,000, pending the hearing of this cause.

"It is further ordered, adjudged, and decreed that the order of *mandamus* heretofore issued against W. O. Geer and the defendants, requiring them to submit to the plaintiffs the names of the petitioners filed with the register of deeds of Rutherford County, calling for an election on said bond issue, be and the same is hereby vacated.

"It is further ordered, adjudged, and decreed that the plaintiffs be required to give a bond in the sum of $1,000 to indemnify these defendants against any loss or damage which they might suffer on account of this order, pending the hearing, and upon its execution this order is effective. This 20 August, 1934. Wilson Warlick, Judge Holding the Courts of the Eighteenth Judicial District."

The assignments of error are as follows: "(1) The court erred in overruling defendants' motion to vacate and dissolve the restraining order. (2) The court erred in signing an order continuing the restraining order until the final hearing in this cause."

*Paul Boucher and Quinn, Hamrick & Hamrick for plaintiffs.*

*Dunagan & McRorie, McRorie & McRorie, and Edwards & Edwards for defendants.*

CLARKSON, J. The question involved: Did the court below err in refusing to vacate the restraining order against the county commis-

sioners of Rutherford County, North Carolina, from issuing and delivering $163,000 in bonds and in continuing same until the final hearing? We think not.

In *Hermic v. Commissioners of Yadkin,* 206 N. C., 845 (847), it is said: "The only question presented by this appeal is whether a bond order passed by the board of commissioners of a county in this State, under the authority and subject to the provisions of the County Finance Act (Public Laws of North Carolina, 1927, ch. 81, N. C. Code of 1931, ch. 24, Art. VII-A), authorizing and directing the issuance of bonds of the county for the purpose of procuring money to be expended in the purchase, construction, improvement, and equipment of schoolhouses in the several school districts of the county, which are necessary for the maintenance of public schools in said districts, for a term of at least six months each year, as required by the Constitution of this State, is subject to the approval of the voters of the county, when a petition signed by the requisite number of voters of said county has been filed with the said board of commissioners, in accordance with the provisions of said act. This question must be answered in the affirmative, and for that reason the judgment in the instant case is affirmed. See *Frazier v. Commissioners,* 194 N. C., 49, 138 S. E., 433. . . . Where, however, a petition is filed in accordance with the provisions of the County Finance Act, praying that a bond order duly passed by the board of commissioners of a county in this State, authorizing and directing the issuance of bonds of the county for the purpose of procuring money for the purchase, construction, improvement, or equipment of schoolhouses required for the maintenance of a school in each of the districts of the county as required by the Constitution of the State, be submitted to the voters of the county, such bond order is not valid or effective until the same has been approved by the voters of the county, as provided in the act. It is so provided in the County Finance Act, as we construe its terms and provisions."

Where no petition is filed according to the provisions of the above act, the bond order is valid and effective without the approval of the voters of the county, *Hermic case, supra.* It is contended by plaintiff that in accordance with the provision of the act, the plaintiffs filed, in time, with the register of deeds and clerk to the board of county commissioners of Rutherford County, North Carolina, a petition containing the names of 2,697 voters of Rutherford County, North Carolina. That this was more than twenty per cent of the votes cast at the general election in 1932 for the office of Governor, requesting an election to determine the issuance of $163,000 in bonds for the erection of additions to school buildings in Rutherford County, North Carolina.

The plaintiff alleges that the clerk "reported that he investigated the sufficiency of said petitions and presented it to the county commission-

ers on Tuesday, 7 August, 1934, in which report he stated that there were only 1,550 qualified voters on said petitions, but failed, neglected, and refused to indicate the names appearing on said petition which he contended and alleged were not qualified voters."

The plaintiff further alleges: "That within the past two or three years over 2,000 homes and farms in Rutherford County, North Carolina, have been sold for taxes on account of the inability of the taxpayers and citizens to meet the demand for taxes and, as plaintiffs are informed, believe, and so allege, the issuing of said bonds over the protest and in defiance of the request of the plaintiffs and other taxpayers that said order be submitted to a vote of the voters of Rutherford County, North Carolina, *would work irreparable damage and harm to the plaintiffs and all other persons similarly situated, and is arbitrary, wrongful, and unlawful.*" (Italics ours.)

The petitioners prayed that the defendants be enjoined and restrained from issuing and delivering the proposed bonds.

The defendants in their answer say, in part: "It is admitted that a petition purporting to contain the names of approximately 2,700 citizens of Rutherford County, North Carolina, was filed within the thirty-day period, but it is specifically denied that said petition contained the names of the required fifteen per cent of the qualified voters of Rutherford County, North Carolina, as provided by law. That these defendants aver the truth to be that after a careful investigation they find the said petition does not contain the names of more than 1,550 qualified voters, if in fact it contains that number. That, as defendants are advised and believe, it is incumbent upon them to determine the sufficiency or insufficiency of the petition. The method of determining this fact not being specifically outlined by the law, the defendants conscientiously and after long and hard work reached the conclusion, after giving petitioners the benefit of every doubt."

The court below restrained the issuing and delivering of the bonds to the final hearing of the case on its merits; in this we can see no error.

In *Castle v. Threadgill*, 203 N. C., 441 (442), speaking to the subject: "It has long been the settled rule in this jurisdiction that this Court, on appeal in injunction suits, has the power to find and review the findings of fact in controversies of this kind. On the record it appears that as to material facts there is a serious conflict. The rule is to the effect that if plaintiff has shown probable cause of a *prima facie* case, or it can reasonably be seen that he will be able to make out his case at the final hearing, the injunction will be continued. It is also settled that the burden is on appellant to show error. *Wentz v. Land Co.,* 193 N. C., 32; *Realty Co. v. Barnes,* 197 N. C., 6."

The judgment or order of the court below is
Affirmed.