This is a civil action, inter alia, to restrain the foreclosure of a deed of trust executed by plaintiff B. C. Hare to the defendant W. S. Privott, trustee, to secure payment of a note for $955.00, payable to the defendant D. R. Hare, and now held by his codefendant John C. Badham. The plaintiff alleged that there was an agreement between him and the payee in the note, D. R. Hare, who is the cestui que trust in said deed of trust, that the land conveyed by D. R. Hare to B. C. Hare, upon which said deed of trust was given, was to be released from another and prior deed of trust before B. C. Hare would be required to pay said note, and that the appealing defendant Badham had notice of this agreement at the time he took said note, that such release has not been effected. The evidence showed,prima facie, and the court found, that the alleged agreement between the plaintiff B. C. Hare and the defendant D. R. Hare existed and that the appealing defendant took the said note after maturity and with constructive notice of all equities of the plaintiff, and that said agreement has not been fulfilled.
From a judgment continuing the restraining order till the final hearing, upon the plaintiff's giving sufficient bond to indemnify the defendants against loss therefore, the defendant Badham appealed to the Supreme Court, assigning error.
Equity will generally continue a temporary restraining order to the final hearing upon a prima facie showing for injunctive relief, especially when it appears that the respondent is indemnified against loss from its continuance and that injury might result to the petitioner from its dissolution. Boushiar v. Willis, ante, 511, and cases there cited.
Affirmed. *Page 850