MRS. LULA EAST LITTLE AND HUSBAND, JOSEPH W. LITTLE, v. WACHOVIA BANK AND TRUST COMPANY AND METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 20 November, 1935.)

1. **Mortgages H o—Temporary order restraining consummation of foreclosure is properly continued where issues of fact are raised and bond filed.**

    Where a mortgagor or trustor institutes suit to enjoin the consummation of a foreclosure sale had under the terms of the instrument, and files bond to indemnify the mortgagee or *cestui que trust* against loss, N. C. Code, 861, 2593 (b), the temporary injunction granted in the cause is properly continued to the hearing upon the court's finding that serious controversy exists between the parties and that plaintiff is entitled to a jury trial upon the issues of fact raised by the pleadings.

2. **Same—**

    Where consummation of foreclosure sale is restrained under N. C. Code, 2593 (b), it is discretionary with the court whether it will require bond of the mortgagor or trustor, or appoint a receiver.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Warlick, J.,* 24 January, 1935. From BUNCOMBE. Affirmed.

This action was brought in the general county court of Buncombe, N. C. The plaintiffs' complaint was to the effect that the attempted sale of certain land of plaintiffs by defendants be declared null and void, and for injunctive relief.

The judgment in the general county court is as follows: "This cause coming on to be heard before the undersigned judge upon the notice duly issued to the defendants to show cause why the order heretofore made restraining and enjoining the defendants from consummating the sale of the property mentioned and described in the plaintiffs' complaint should not be continued to the final hearing, and having been heard, and the court being of the opinion, and so finding as a fact from the pleadings and affidavits filed upon said hearing, that serious issues of law and of fact between plaintiffs and defendants are presented, on which issues of fact plaintiffs are entitled to a jury trial, and that the restraining order heretofore issued should be continued to the hearing, and, it further appearing that the plaintiffs have filed a good and sufficient bond approved by the clerk of this court and justified as required by law. It is accordingly ordered that the defendants, and each of them, their officers, agents, and employees, be and they are hereby restrained and enjoined from consummating the sale made on 18 October, 1934, of the property described in the complaint, and that the defendant Wachovia Bank and Trust Company, its officers, agents, and employees, be and they are hereby restrained and enjoined from executing to defendant Metropolitan Life Insurance Company any deed for said property until the further orders of this court.

J. P. KITCHIN, *Judge,*
*General County Court, Buncombe County, N. C."*

To the foregoing judgment defendants excepted, assigned error, and appealed to the Superior Court. The judgment in the Superior Court is as follows: "This cause coming on to be heard before the undersigned judge upon an appeal by the defendants from the order of the general county court of Buncombe County continuing to the hearing the restraining order theretofore granted by the judge of said general county court, and having been heard, and the court being of the opinion that the judge of the general county court committed no error in continuing said restraining order: It is accordingly ordered that the defendants' exceptions be and they are hereby overruled and the order of the judge of the general county court is in all respects affirmed. This 24 January, 1935.

WILSON WARLICK, *Judge Presiding."*

To this judgment the defendants excepted, assigned error, and appealed to the Supreme Court.

*Alfred S. Barnard for plaintiffs.*
*Harkins, Van Winkle & Walton for defendants.*

CLARKSON, J.   We have read the record and briefs of the litigants with care.   It is well settled in this jurisdiction, and the matter stated in *Seip v. Wright,* 173 N. C., 14 (15-16), as follows: "Where it will not harm the defendant to continue the injunction, and may cause great injury to the plaintiff, if it is dissolved, the court generally will restrain the party until the hearing.   *McCorkle v. Brem,* 76 N. C., 407; where serious questions were raised, *Harrington v. Rawls,* 131 N. C., 40; or where reasonably necessary to protect plaintiff's rights, *Heilig v. Stokes,* 63 N. C., 612.   The Court said, by *Justice Hoke,* in *Tise v. Whitaker,* 144 N. C., 508: 'It is the rule with us that in actions of this character, the main purpose of which is to obtain a permanent injunction, if the evidence raises serious question as to the existence of facts which make for plaintiff's right, and sufficient to establish it, a preliminary restraining order will be continued to the hearing (citing authorities).   If the plaintiff has shown probable cause, or it can reasonably be seen that he will be able to make out his case at the final hearing, the injunction will be continued, is another way of stating the rule (citing authorities). . . .   In *Hyatt v. DeHart,* 140 N. C., 270, the *Chief Justice* said: 'Ordinarily, the findings of fact by the judge below are conclusive on appeal.   While this is not true as to injunction cases, in which we look into and review the evidence on appeal, still there is the presumption always that the judgment and proceedings below are correct, and the burden is upon the appellant to assign and show error.' "   *Teeter v. Teeter,* 205 N. C., 438; *Scruggs v. Rollins,* 207 N. C., 335; *Boushiar v. Willis, ibid.,* 511; *Porter v. Ins. Co., ibid.,* 646.

In *Hare v. Hare,* 207 N. C., 849, it is said: "Equity will generally continue a temporary restraining order to the final hearing upon a *prima facie* showing for injunctive relief, especially when it appears that the respondent is indemnified against loss from its continuance, and that injury might result to the petitioner from its dissolution."

In the present action the plaintiff was required to give bond.   North Carolina Code, 1935 (Michie), section 861, permits this to be done. Public Laws 1933, ch. 275 (Michie, *supra,* sections 2593 [b], *et seq.*)— "An act to regulate the sale of real property upon the foreclosure of mortgages or deeds of trust."   Sec. 2 is as follows: "The court or judge granting such order or injunction, or before whom the same is returnable, shall have the right before, but not after, any sale is confirmed to order a resale by the mortgagee, trustee, commissioner, or other person authorized to make the same in such manner and upon such terms as may be just and equitable: *Provided,* the rights of all parties in interest,

or who may be affected thereby, shall be preserved and protected by bond or indemnity in such form and amount as the court may require, and the court or judge may also appoint a receiver of the property or the rents and proceeds thereof, pending any sale or resale, and may make such order for the payment of taxes or other prior lien as may be necessary, subject to the right of appeal to the Supreme Court in all cases."

Under this section the court below could have required bond or *may* have appointed a receiver. It was discretionary with the court under this section.

The judgment of the court below is
Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.