H. B. ROBERTS AND WIFE, ELLIE JANE ROBERTS, v. TOWN OF CAMERON, HUBERT NICKENS, MAYOR OF TOWN OF CAMERON AND INDIVIDUALLY; MITCHELL WEST, WILL McNEIL, MRS. W. G. PARKER; R. L. LAUBSCHER AND J. A. PHILLIPS, JR., MEMBERS OF THE BOARD OF ALDERMEN OF THE TOWN OF CAMERON AND INDIVIDUALLY.

(Filed 11 January, 1957.)

1. Appeal and Error § 50—

On appeal from an order dissolving or continuing a temporary restraining order to the final hearing, the findings of fact as well as the conclusions of law are reviewable by the Supreme Court.

**2. Dedication § 4—**

Where dedication of streets to a municipality is made by the recording of a map showing such streets, no lapse of time precludes the municipality from accepting such dedication in the absence of withdrawal of the offer, G.S. 136-96, and therefore in the absence of such withdrawal the municipality is not barred from accepting the dedication unless it has lost title by adverse possession.

**3. Injunctions § 8—**

The purpose of an interlocutory injunction is to preserve the *status quo* of the subject matter, and ordinarily a temporary order will be continued to the hearing if plaintiff has made out a primary equity and there is reasonable apprehension of irreparable loss to plaintiffs if the order is dissolved or continuance is necessary to protect plaintiffs' rights.

**4. Same—Continuance of temporary order is error upon failure to show probability of establishing primary equity and irreparable injury.**

In this action to restrain a municipality from opening and improving certain streets dedicated to it, it appeared that at the time of the issuance of the temporary order the streets had been graded and were practically ready for hard surfacing. It further appeared that the sole ground for injunctive relief was that plaintiff had acquired title to the streets by adverse possession. *Held:* The evidence being insufficient to show probable cause for supposing plaintiffs would be able to show title by adverse possession, and it being apparent that if plaintiffs should prevail on that issue they would have an adequate remedy to recover damages for the taking, the continuance of the restraining order to the hearing is error.

JOHNSON, J., not sitting.

APPEAL by defendants from *Crissman, J.,* at Chambers in Rockingham, North Carolina, 26 July 1956. From MOORE.

This is an action to restrain the defendants from opening, improving, and paving certain streets as shown on the map of what is known as the McPherson Addition to Cameron, North Carolina.

In 1910, H. P. McPherson subdivided into lots, blocks, streets, and alleys, a tract of land within the corporate limits of the Town of Cameron and during that year caused a map or plat of the subdivision to be recorded in the office of the Register of Deeds of Moore County, in Map Book 1, section 2, at page 91. Thereafter, lots were sold by the owner by reference to the plat to various purchasers, among which were lots Nos. 3 and 4 in Block B, and lots Nos. 1, 2, 3, and 4 in Block E, abutting McPherson and Fifth Streets. In 1933 or 1934, J. E. Snow, who had acquired title to the above numbered lots by *mesne* conveyances from H. P. McPherson, the original subdivider, enclosed a portion of the street right of ways, which is the subject of this action, by placing a fence across McPherson and Fifth Streets and thereafter used the area as a pasture in connection with his adjoining lots.

Snow, in his affidavit filed in the hearing below, stated that neither he nor his various predecessors in title to the lots involved herein, at any time occupied or used all or any portion of McPherson and Fifth Streets on which the above described lots abut, adversely to the rights and ownership thereof by the Town of Cameron and that his use of said areas was permissive; and that when he sold the lots to the plaintiffs he carefully pointed out to H. B. Roberts the boundaries of McPherson and Fifth Streets where they adjoin the lots, and explained to him that they were streets and that he neither owned nor claimed any right, title or interest therein; and that he has at no time conveyed or attempted to convey to the plaintiffs or to any other person any portion of the areas designated as McPherson and Fifth Streets on the map entitled "McPherson Addition to the Town of Cameron, North Carolina."

The defendants introduced in evidence the deed dated 16 February 1948 from J. E. Snow and wife to H. B. Roberts and his wife, Ellie Jane Roberts, conveying the lots referred to herein, which deed is recorded in Book 155 at page 530 in the office of the Register of Deeds of Moore County. The lots conveyed by the above deed are designated by number and block as shown on the map of McPherson Addition to the Town of Cameron, and reference is made to the map for a better description. This deed does not purport to convey to the plaintiffs any right, title or interest in and to the disputed areas.

According to the record, the Town of Cameron had for many years opened, used, and maintained as public streets the greater portion of McPherson and Fifth Streets as designated on the above plat, and at a regular meeting of the Board of Aldermen of the Town of Cameron in January 1956 a resolution was adopted directing that the remaining portions of the streets be opened, which action was known to the plaintiffs. Thereafter, employees of the Town, without objection from the plaintiffs, went upon the unopened portion of the street right of ways and set stakes and markers in preparation for the clearing and grading thereof. On 23 May 1956, the plaintiffs were notified by the Town of Cameron to remove the fences and all other property claimed by them on the right of ways of McPherson and Fifth Streets; and thereafter, about 15 June 1956, the Town of Cameron, through its agents or employees, proceeded with the clearing, grading and opening of the unopened portions of said streets. Some twenty days thereafter, on or about 6 July 1956, at a time when the streets were practically ready for hard surfacing, the plaintiffs procured an order based on their complaint used as an affidavit, alleging ownership of the street areas, temporarily restraining the defendants from further entry on the said portions of McPherson and Fifth Streets.

Upon the hearing thereafter, held at Chambers in Rockingham, his Honor found certain facts and continued the restraining order until the final hearing. From this order the defendants appeal, assigning error.

*T. J. McPherson, H. F. Seawell, Jr., and Gavin, Jackson & Gavin for plaintiffs.*
*Orton J. Cameron and George M. McDermott for defendants.*

DENNY, J. Upon an appeal from an order dissolving a temporary restraining order, or from one continuing it to the final hearing, the findings of fact as well as the conclusions of law are reviewable by this Court. *Deal v. Sanitary District, ante,* 74, 95 S.E. 2d 362; *Clinard v. Lambeth,* 234 N.C. 410, 67 S.E. 2d 452; *Arey v. Lemons,* 232 N.C. 531, 61 S.E. 2d 596; *Woolen Mills v. Land Co.,* 183 N.C. 511, 112 S.E. 24.

Among the findings of fact, his Honor found, "That the public or Town of Cameron has never at any time taken any action to accept said offer of dedication of the portions of said streets in dispute until April 1956 (January 1956), forty-six years after the offer of dedication was made; . . ."

We do not understand that mere delay in accepting an offer of dedication of streets and alleys, in a subdivision which lies within a municipality, constitutes a bar to the acceptance of such offer unless in the meantime such streets and alleys have been occupied and used adversely for more than twenty years for purposes inconsistent with their use as streets and alleys. *Lee v. Walker,* 234 N.C. 687, 68 S.E. 2d 664; *Gault v. Lake Waccamaw,* 200 N.C. 593, 158 S.E. 104.

It is not contended on this appeal that the original offer of dedication by McPherson has been withdrawn or attempted to be withdrawn pursuant to the provisions of G.S. 136-96, as amended by Chapter 1091 of the Session Laws of 1953. Neither is it contended that the Town of Cameron has at any time by express action rejected the offer of dedication as was done in the case of *Lee v. Walker, supra.*

It is quite clear from the record that the plaintiffs have no record title to the portions of McPherson and Fifth Streets which they are now claiming. Therefore, it appears that if they prevail when the case is tried on its merits, they must do so by establishing adverse possession by themselves and their predecessors in title for more than twenty years.

In *Hughes v. Clark,* 134 N.C. 457, 46 S.E. 956, it is said: "Where lots are sold and conveyed by reference to a map or plat which represent a division of a tract of land into subdivisions of streets and lots, such streets become dedicated to the public use, and the purchaser of a lot or lots acquires the right to have all and each of the streets kept

open; *and it makes no difference whether the streets be in fact opened or accepted by the governing boards of towns or cities if they lie within municipal corporations.* There is a dedication, and if they are not actually opened at the time of the sale they must be at all times free to be opened as occasion may require." (Emphasis added.) *Broocks v. Muirhead,* 223 N.C. 227, 25 S.E. 2d 889; *Insurance Co. v. Carolina Beach,* 216 N.C. 778, 7 S.E. 2d 13, and authorities cited.

The purpose of an interlocutory injunction is to preserve the *status quo* of the subject matter. *Huskins v. Hospital,* 238 N.C. 357, 78 S.E. 2d 116. In the instant case, contrary to finding of fact No. 4, to the effect "that the portion of McPherson and Fifth Streets in dispute in McPherson Addition was and is woodland and growing in timber, bushes and undergrowth," the record discloses that prior to the issuance of the temporary restraining order, on 6 July 1956, the defendant, Town of Cameron, had proceeded with the clearing, grading and opening of the theretofore unopened portions of McPherson and Fifth Streets and that such streets were practically ready for hard surfacing when the order was signed.

Ordinarily, a temporary restraining order will be continued to the hearing if there is "probable cause for supposing that the plaintiff will be able to maintain his primary equity and there is a reasonable apprehension of irreparable loss unless it remains in force, or if in the opinion of the court it appears reasonably necessary to protect the plaintiff's right until the controversy between him and the defendant can be determined." *Cobb v. Clegg,* 137 N.C. 153, 49 S.E. 80; *Seip v. Wright,* 173 N.C. 14, 91 S.E. 359; *Boushiar v. Willis,* 207 N.C. 511, 177 S.E. 632; *Porter v. Insurance Co.,* 207 N.C. 646, 178 S.E. 223; *Hare v. Hare,* 207 N.C. 849, 178 S.E. 545; *Little v. Trust Co.,* 208 N.C. 726, 182 S.E. 491; *Bailey v. Bryson,* 214 N.C. 212, 198 S.E. 622; *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383; *Lance v. Cogdill,* 238 N.C. 500, 78 S.E. 2d 319.

Hence, whatever the evidence may be on the crucial question of adverse possession when this case is heard on its merits, in our opinion, the evidence on the hearing below does not show probable cause for supposing that the plaintiffs will be able to make good their allegations to the effect that they own a fee simple title to the land in controversy, nor does it appear that there is a reasonable apprehension of irreparable loss unless the restraining order remains in force. After all, the Town of Cameron is a municipal corporation and has statutory powers of condemnation. General Statute 160, sections 204, 205 and 206. Consequently, if the plaintiffs should prevail at the trial on the merits of the controversy, they have an adequate remedy at law to recover compensation for any loss they may sustain by reason of the taking of the property for street purposes. *Greenville v. Highway Commission,* 196

N.C. 226, 145 S.E. 31; *Roper Lumber Co. v. Coppersmith,* 191 N.C. 217, 131 S.E. 575; *Jones v. Lassiter,* 169 N.C. 750, 86 S.E. 710; *Griffin v. Southern R. Co.,* 150 N.C. 312, 64 S.E. 16.

For the reasons herein stated, the action in the court below continuing the restraining order to the final hearing, is

Reversed.

JOHNSON, J., not sitting.