TOWN OF ATLANTIC BEACH, PLAINTIFF v. TRADEWINDS CAMPGROUND, INC., DEFENDANT

No. 893SC809

(Filed 20 March 1990)

**Dedication § 4 (NCI3d) — individual developer — plats recorded — streets dedicated — attempted withdrawal from dedication by adjacent landowner void**

Where the original developer of a subdivision was an individual rather than a corporation, he dedicated the property in question for public use when he recorded plats of the area; consequently, only he or one claiming an interest in the streets through him had standing to withdraw the dedication, and defendant, as an adjacent lot owner, lacked such standing so that the trial court properly declared his attempted withdrawal of dedication void.

**Am Jur 2d, Dedication §§ 25, 26.**

TOWN OF ATLANTIC BEACH v. TRADEWINDS CAMPGROUND

[97 N.C. App. 655 (1990)]

APPEAL by defendant from *Winberry, Judge.* Judgment entered 11 May 1989 in Superior Court, CARTERET County. Heard in the Court of Appeals 12 February 1990.

This is a civil action wherein plaintiff seeks a mandatory injunction against defendant 1) requiring removal of any improvements or property from certain land designated as the right of way for a street and 2) prohibiting defendant from placing anything on said real property in the future. According to the record on appeal, the trial judge made the following uncontroverted findings of fact:

1. The Defendant is the owner of lots 10, 11, 21 and 22, Block 5 of the Asbury Beach subdivision originally platted and recorded in Book 16, Page 530, Carteret County Registry and subsequently rerecorded in Map Book 2 at Page 48.

2. A portion of the Asbury Beach property was subsequently rerecorded by Ben Moore Parker and Zack H. Bacon by a map recorded in Map Book 1, Page 199. This rerecorded map included lots 10, 11, 21 and 22 which are presently owned by the Defendant.

3. The original Asbury Beach map showed a street running generally in a north/south direction which street was named New Bern Way and which was 50 feet in width and adjoined the eastern boundary of defendant's lots 11 and 22.

4. By deed recorded in Book 495, Page 484, Carteret County Registry, defendant received a quitclaim deed on 29 March 1984, from Freddie Price and Angela B. Price, which conveyed to them the relevant lots by description.

5. Defendant recorded a document in the Carteret County Registry on 2 August 1984 which purported to withdraw from dedication the western one half of New Bern Way where it bordered defendant's lots 11 and 22.

6. The original developers of Asbury Beach were individuals as opposed to a corporation.

From a judgment declaring defendant's withdrawal of dedication void and enjoining him from any use of New Bern Way other than as a means of ingress, egress and regress, defendant appealed.

*Richard L. Stanley for plaintiff, appellee.*

*Bobby J. Stricklin for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant-corporation's sole argument on appeal is that the trial court committed reversible error by declaring the corporation's withdrawal of dedication of a portion of New Bern Way void. Defendant contends the withdrawal was valid because "the street had not been actually opened and used in more than thirty-two years, and the plaintiff-appellee did not accept dedication of the street until one year after the defendant-appellant recorded the withdrawal. . . ." We disagree.

Where land is "sold and conveyed by reference to a map or plat which represent [sic] a division of a tract of land into subdivisions of streets and lots, such streets become dedicated to the public use. . . ." *Steadman v. Pinetops*, 251 N.C. 509, 515, 112 S.E.2d 102, 107 (1960). When an individual owner of land subdivides it and sells it by block and lot number with reference to a plat showing streets therein, he and those who claim through him retain the fee interest in the streets while the owners of lots adjacent to the street have only an easement. *Russell v. Coggin*, 232 N.C. 674, 62 S.E.2d 70 (1950). The only circumstance under which adjacent lot owners may be deemed to own any right, title or interest in a dedicated street, other than an easement, is where the street was dedicated by a corporation which has become nonexistent. *Id.*; G.S. 136-96.

G.S. 136-96 allows withdrawal of dedication of land if the property is not actually opened and used by the public within fifteen years after the dedication. The filing of such withdrawal, however, must ordinarily be done by "the dedicator or some one or more of those claiming under him . . ." rather than the owner of property adjacent to the dedicated land. *Id.* In the present case, the original developer of the Asbury Beach subdivision (an individual rather than a corporation) dedicated the property in question for public use when he recorded plats of the area in Deed Book 16, Page 530, Carteret County Registry. Consequently, only he or one claiming an interest in the streets through him had standing to withdraw dedication. Defendant, as an adjacent lot owner, lacked such standing, and the trial court properly declared his attempted withdrawal of dedication void.

The judgment of the trial court is affirmed.

PITTMAN v. N.C. DEPT. OF TRANSPORTATION

[97 N.C. App. 658 (1990)]

Affirmed.

Judges PHILLIPS and DUNCAN concur.