CLARENCE A. RAWLS, III, PATRICIA E. RAWLS, JERYL S. RAWLS, CAROL M. RAWLS AND RAWLS & ASSOCIATES, PLAINTIFFS v. MARSHALL L. WILLIFORD, JR., HARRY J. GRIM, JOSEPH W. McGIRT, JR., JERONE C. HERRING AND BRANCH BANK & TRUST CO., DEFENDANTS

No. COA94-1246

(Filed 5 March 1996)

**Dedication § 16 (NCI4th)— dedicated property—dedicating corporation nonexistent—withdrawal of dedication—property owned by adjacent landowners**

In an action to determine the ownership rights of the parties to a twenty-foot wide strip of beach property located between the parties' beach homes, a conclusive presumption was established pursuant to N.C.G.S. § 136-96 that plaintiffs and defendant, as adjacent landowners to the twenty-foot strip, were both owners of the disputed property, since the corporation which dedicated the strip to public use by filing a map of the property with Dare County had ceased to exist, and plaintiffs and defendant's predecessor in title had executed a withdrawal of dedication of the strip and filed the withdrawal in Dare County.

**Am Jur 2d, Dedication §§ 25, 26.**

**Revocation or withdrawal of dedication by grantees or successors in interest of dedicator. 86 ALR2d 860.**

Appeal by defendant Marshall L. Williford, Jr. from order of partial summary judgment signed 26 August 1994 by Judge Jerry R. Tillett

in Dare County Superior Court. Heard in the Court of Appeals 19 October 1995.

This appeal concerns the ownership rights of the parties to a twenty foot wide strip of beach property (hereinafter twenty foot strip) located between plaintiffs' and defendant Marshall L. Williford's beach homes in Nags Head. In 1936, K.S. Mitchell purchased property from Nags Head Development Corporation which included property designated on a plat map as lots 7 and 8 of block 2 and lots 1 and 2 of block 3. Before the transfer, Nags Head Development Corporation, which no longer exists, filed a plat of the property with Dare County.

In 1939, K.S. Mitchell conveyed the property to his wife, Hattie, for her life and then to their daughter, Ruby Mitchell. In 1950, Ruby Mitchell Lancaster conveyed lots 1 and 2 of block 3 to Chesson Thomas and he owned this property until 1971. Sometime in or after 1971, plaintiffs purchased lots 1 and 2 of block 3 and are the current owners of the property. The Lancasters continued to own lots 7 and 8 of block 2 until approximately 1987. Defendant Marshall L. Williford, Jr. (hereinafter defendant) then bought lots 7 and 8 of block 2 at a foreclosure sale.

In 1978, the Lancasters learned that the town of Nags Head planned to open the twenty foot strip as a street connecting U.S. 158 Business to the Atlantic Ocean. An attorney advised the Lancasters and plaintiffs that as owners of property adjacent to the twenty foot strip, "the most expeditious method to prevent legal action was the execution by both parties of a Withdrawal of Dedication" as to the twenty foot strip. The attorney drafted the documents, both parties signed, and the documents were filed in Dare County in May and June 1978.

When defendant subsequently bought lots 7 and 8 of block 2, the deed description included the twenty foot strip, but a fence had been erected down the center of the twenty foot strip. Defendant talked to Glenn Lancaster, Ruby M. Lancaster's son, who said the fence was encroaching on defendant's property. Defendant asked plaintiffs to remove the fence, and after plaintiffs refused to remove the fence, defendant removed it. Defendant also removed a second fence that plaintiffs erected.

On 16 June 1992, plaintiffs filed a complaint against defendants seeking to have the trial court quiet title to the twenty foot strip. Plaintiffs sought a judicial declaration either that they owned the

southern ten feet of the twenty foot strip or that they owned as tenants in common with defendant a one-half undivided interest in the entire twenty foot strip. Defendant answered and counterclaimed, *inter alia*, that he owned the entire twenty foot strip because the twenty foot strip was included in the deed description when he purchased his property in 1987. Defendant also claimed that he was the owner of the entire twenty foot strip because he or his predecessors in title had adversely possessed the twenty foot strip for more than the required twenty year period. Plaintiffs responded to defendant's counterclaim, stating *inter alia* that defendant was estopped to deny that his predecessor in title, Ruby M. Lancaster, had recognized her non-ownership of the twenty foot strip when she filed a Declaration of Withdrawal in May 1978.

On 6 July 1994, plaintiffs moved for summary judgment. The trial court concluded as a matter of law that plaintiffs were entitled to partial summary judgment on the quiet title and declaratory judgment issues and declared that plaintiffs and defendant each owned a one-half undivided interest in fee simple in the twenty-foot strip. Defendant appealed. Although issues remained for adjudication regarding destruction and conversion of property, the trial court certified the matter for immediate appeal.

*Trimpi & Nash, by John G. Trimpi, for plaintiff-appellees.*

*Susan Harman-Scott for defendant-appellant Marshall L. Williford, Jr.*

EAGLES, Judge.

Defendant argues that the trial court erred by granting partial summary judgment because defendant or his predecessors in title had adversely possessed and occupied the twenty foot strip for more than the required twenty years and, accordingly, defendant was the sole owner of the twenty foot strip. Plaintiffs argue that G.S. 136-96 controls. G.S. 136-96 provides in pertinent part:

Every strip, piece, or parcel of land which shall have been at any time dedicated to public use as a road, highway, street, avenue, or for any other purpose whatsoever, by a deed, grant, map, plat, or other means, which shall not have been actually opened and used by the public within 15 years from and after the dedication thereof, shall be thereby conclusively presumed to have been abandoned by the public for the purposes for which

same shall have been dedicated; and no person shall have any right, or cause of action thereafter, to enforce any public or private easement therein, . . . provided, that no abandonment of any such public or private right or easement shall be presumed until the dedicator or some one or more of those claiming under him shall file and cause to be recorded in the register's office of the county where such land lies a declaration withdrawing such strip, piece or parcel of land from the public or private use to which it shall have theretofore been dedicated in the manner aforesaid; . . . that where any corporation has dedicated any strip, piece or parcel of land in the manner herein set out, and said dedicating corporations [sic] is not now in existence, it shall be conclusively presumed that the said corporation has no further right, title or interest in said strip, piece, or parcel of land, regardless of the provisions of conveyances from said corporation, or those holding under said corporation, retaining title and interest in said strip, piece, or parcel of land so dedicated; the right, title and interest in said strip, piece, or parcel of land shall be conclusively presumed to be vested in those persons, firms or corporations owning lots or parcels of land adjacent thereto, subject to the provisions set out herein before in this section.

Because Nags Head Development Corporation, the corporation that dedicated the twenty foot strip by filing a map of the property with Dare County, has ceased to exist, plaintiffs contend that a conclusive presumption was established pursuant to G.S. 136-96 that plaintiffs and defendant, as adjacent land owners to the twenty foot strip, were both owners of the disputed property.

The theory behind a conclusive presumption is that "[w]hen the basic fact is established (by evidence, judicial notice, or judicial admission), existence of the presumed or elemental fact is deemed to be conclusively demonstrated, and evidence of its nonexistence will not be received." Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* §44 (4th ed. 1993). Here, for the conclusive presumption to arise, there must be proof that Nags Head Development Corporation had dedicated the twenty foot strip for public use and the corporation did not exist at the time of the 1987 declarations of withdrawal.

Defendant does not argue in his brief that Nags Head Development Corporation never dedicated the twenty foot strip. In

fact, defendant admitted in his responses to plaintiffs' interrogatories that the corporation filed a plat with Dare County showing the twenty foot strip. Thus, the corporation dedicated the twenty foot strip for public use. *See Town of Atlantic Beach v. Tradewinds Campground*, 97 N.C. App. 655, 657, 389 S.E.2d 276, 277 (stating that "[w]here land is 'sold and conveyed by reference to a map or plat which represent [sic] a division of a tract of land into subdivisions of streets and lots, such streets become dedicated to the public use' ") (quoting *Steadman v. Pinetops*, 251 N.C. 509, 515, 112 S.E.2d 102, 107 (1960)), *disc. review denied*, 326 N.C. 805, 393 S.E.2d 906 (1990). Defendant also does not deny that the corporation was non-existent at the time his predecessor in interest and plaintiffs filed declarations of withdrawal. Accordingly, the conclusive presumption that plaintiffs and defendant were joint owners of the twenty foot strip was properly established.

Although G.S. 136-96 provides that the presumption is conclusive, defendant still argues that the statute does not defeat a claim of adverse possession. Defendant cites several cases to support his position: *Roberts v. Cameron*, 245 N.C. 373, 95 S.E.2d 899 (1957); *Lee v. Walker*, 234 N.C. 687, 68 S.E.2d 664 (1952); *Gault v. Lake Waccamaw*, 200 N.C. 593, 158 S.E. 104 (1931); and *Investment Co. v. Greene*, 48 N.C. App. 29, 268 S.E.2d 810, *disc. review denied*, 301 N.C. 235, 283 S.E.2d 132 (1980). These cases provide that where a strip of land has been dedicated for public use, a person may gain ownership of the strip if the person adversely possesses the strip for the requisite twenty year period before the strip is accepted for dedication or adversely possesses the strip for twenty years after the strip has been abandoned for public use. However, none of these cases involve the interaction between G.S. 136-96 and adverse possession and we have found no cases that directly address this issue.

After carefully considering the parties' arguments, we conclude that we are bound by the conclusive presumption language of G.S. 136-96 and that defendant is bound by his predecessor's actions. By filing the declaration of withdrawal, the Lancasters lost whatever sole rights to the twenty foot strip they may have had and became joint owners with plaintiffs. Accordingly, we conclude that the trial court did not err in granting partial summary judgment in favor of plaintiffs.

Affirmed.

Judges JOHNSON and WYNN concur.